## LITTLE v. PEOPLE'S BANK OF MOBILE. (2 Div. 791.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied June 14, 1923.)

**1. Evidence ⬄418—Parol evidence inadmissible to show that note executed in corporation name "by" individual was latter's obligation.**

In an action on a note executed in the name of a corporation "by" defendant's husband, parol evidence *held* inadmissible to show that it was the husband's obligation only, so as to relieve defendant, who indorsed it, from liability as surety, under Code 1907, § 4497; the note showing unambiguously that the sole maker was the corporation, for which the husband signed merely as agent.

**2. Bills and notes ⬄422(2)—Waiver of demand, protest, etc., above indorsers' signatures effectual.**

A statement on the back of a note, above the names of indorsers (Code 1907, § 5018), that "each and every indorser * * * hereby waives demand, protest," etc., *held* an effectual waiver for the purposes stipulated.

**3. Bills and notes ⬄379—Accommodation indorser liable to holder for value, notwithstanding latter's knowledge of status.**

Under Code 1907, §§ 4984, 5022, an accommodation indorser is liable to a bona fide holder in due course for value, though the latter knew, when he took the instrument, that the former was only an accommodation party.

**4. Appeal and error ⬄1052(8)—No reversal for erroneous admission of evidence where finding is justified by other evidence.**

Reversal will not be entered for admission of inadmissible evidence, where other undisputed evidence invites and justifies the finding complained of.

**5. Evidence ⬄171—Testimony that loan for which note sued on was given was checked out by maker held not inadmissible as not best evidence.**

In a bank's action on a note indorsed by defendant, whose husband signed it as agent of a corporation, plaintiff's cashier's testimony that the loan for which it was given was checked out by the corporation in the ordinary course of its business *held* not inadmissible on the ground that the checks themselves were the best evidence, being merely collateral to the issues and a statement of a collective fact susceptible of rebuttal on appropriate cross-examination.

**6. Husband and wife ⬄232(1)—Burden of proving that debt evidenced by note sued on was defendant indorser's husband's is on defendant.**

In an action on a note executed in the name of a corporation "by" defendant's husband and indorsed by her, the burden of proving that the debt evidenced thereby was the husband's, so as to relieve defendant from liability as surety, under Code 1907, § 4497, was on her.

**7. Husband and wife ⬄159—Indorser of note signed by husband as agent of corporation, of which he is stockholder, not relieved of liability as surety.**

A corporation being a distinct entity from its stockholders, who are not, merely because of their positions, cosureties of it, its assumption of a corporate obligation charges the corporate assets, not the stockholders' individual responsibility or property, in the absence of a contrary contractual stipulation, so that one indorsing a note executed by her husband in the name of a corporation is not relieved from liability as a surety under Code 1907, § 4497, in consequence of his being a stockholder.

**8. Bills and notes ⬄256—Note to bank construed as whole, but with particular reference to waivers of demand, protest, etc., in determining whether indorser was discharged by bank's failure to apply maker's deposits to satisfaction of note.**

To determine whether one indorsing a note, containing waivers of demand, protest, etc., was discharged from liability by failure of the bank, to which it was executed, to apply the maker's funds on deposit with it to satisfaction of the note on maturity, the note must be construed with particular reference to such waivers, to the end of declaring the parties' intention, according effect to each word and phrase in the instrument as a whole.

**9. Bills and notes ⬄256—Indorser held not discharged by payee's failure to apply maker's funds on deposit with it to satisfaction of note.**

Under Uniform Negotiable Instruments Act, §§ 82, 109, 110, 111 (Code 1907, §§ 5038, 5060), one indorsing a note, containing waivers of demand, protest, etc., before a loan for which it was given to a bank was made, became unconditionally liable for the debt, and hence was not discharged by the bank's failure to apply the

---

maker's funds on deposit with it to satisfaction of the note on maturity.

**10. Appeal and error ⊕879—Error assigned by garnishees, not parties to appeal, not considered.**

Error assigned by garnishees not parties to the appeal, taking no cross-appeal, and showing no right to assign error under Supreme Court Rule 3, Code 1907, p. 1507, cannot be considered.

**11. Appeal and error ⊕1073(1)—Judgment condemning money in garnishees' hands to payment of plaintiff's judgment unless garnishee's claim "now in litigation" was held valid held not prejudicial to defendant because result of pending litigation removed basis for condition.**

In a suit in aid of which garnishment proceedings were instituted, a judgment condemning money coming into garnishees' hands to payment of a judgment for plaintiffs, but providing that if the court held garnishees' claim, "now in litigation," to part of such money, valid, none of it should be paid on the debt to plaintiff until the obligation due garnishees was settled, *held* not prejudicial to defendant because the result of the litigation alluded to removed the basis for the condition on which the judgment was predicated.

On Rehearing.

**12. Bills and notes ⊕491—Burden of proof of discharge on indorser.**

In an action on a note containing waivers of demand, protest, etc., introduction of the notes in evidence contradicted defendant indorser's plea that it was plaintiff's duty to apply the maker's funds on deposit with it to satisfaction thereof on maturity in exoneration of defendant's liability, thus justifying the court's finding that such plea, on which issue was joined, was not established by the evidence, and hence its judgment for plaintiff, though such waivers were not set up by reply to the plea; the burden of proof being on defendant.

**13. Husband and wife ⊕159—Note executed in corporate name "by" individual does not evidence latter's personal obligation so as to relieve his wife, indorsing it, from liability as surety.**

A note executed in a corporation's name "by" an individual did not evidence the latter's personal obligation, so as to relieve his wife, who indorsed it, from liability as a surety, under Code 1907, § 4497; the corporation, which was incapable of doing the manual act of executing the instrument, being the principal, and the signer merely its agent.

**14. Husband and wife ⊕159—Wife indorsing note executed by husband in name of corporation cannot question his authority.**

A wife indorsing a note executed by her husband in the name of a corporation warrants its genuineness in all it purports to be, the capacity of all prior parties to contract, and the validity of the instrument at the time of her indorsement (Code 1907, §§ 5020, 5021), and hence cannot question her husband's authority to execute it, so as to establish his per-

sonal liability and thus relieve herself from liability as surety, under Code 1907, § 4497.

**15. Bills and notes ⊕422(2)—One indorsing notes payable at bank but containing waivers of demand, protest, etc., not exonerated from liability as surety.**

One indorsing a note payable at a bank, but containing waivers of demand, protest, etc., cannot be exonerated from liability through Uniform Negotiable Instruments Act, § 87; Code 1907, § 5041 (see, also, section 70, Code 1907, § 5025).

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by the People's Bank of Mobile against Lucile E. Little. From a judgment for plaintiff, defendant appeals. Affirmed.

R. B. Evins, of Greensboro, and Thomas F. Seale, of Livingston, for appellant.

The testimony of the witness Boyles that the debt evidenced by the note was that of the Denton Live Stock Commission Company, and not that of J. R. Little, was as to legal conclusion, and inadmissible. L. & N. R. Co. v. Landers, 135 Ala. 511, 33 South. 482; Bennett v. State, 52 Ala. 370; Tullis v. Kidd, 12 Ala. 648. No authority was shown in the vice president to execute the paper; presumptively there was none. American Savings & Loan Ass'n v. Smith, 122 Ala. 502, 27 South. 919; Allen v. Alston, 147 Ala. 609, 41 South. 159. The agent having exceeded his authority in the premises, it became his personal obligation; and the indorsement by the defendant had the effect of making her surety for her husband's debt. Belisle v. Clark, 49 Ala. 98; Gillaspie v. Wesson, 7 Port. 454, 31 Am. Dec. 715. Defendant was an accommodation indorser, and it became the duty of plaintiff to apply the money of the maker to the discharge of the liability of the indorser. Tatum v. Comm. Bank, 193 Ala. 120, 69 South. 508, L. R. A. 1916C, 767. The fact of the amount of the maker's money in the hands of plaintiff being peculiarly within its knowledge, the burden was on plaintiff to disprove the allegations of plea 5. Rogers v. De Bardeleben, 97 Ala. 154, 12 South. 81; 5 A. & E. Ency. Law (2d. Ed.) 41; 16 Cyc. 937. A waiver of demand would not waive other rights not connected with the demand.

Stevens, McCorvey, McLeod & Goode, of Mobile, and Patton & Patton, of Carrollton, for appellee.

The paper in the hands of a bona fide holder in due course for value is precisely what on its face it purports to be. Farley Nat. Bank v. Henderson, 118 Ala. 441, 24 South. 428. When defendant indorsed the note before delivery to the bank, she warranted its genuineness in all respects. Code 1907, § 5021; 1 Randolph, Comm. Paper, 392;

Birmingham Nat. Bank v. Bradley, 103 Ala. 109, 15 South. 440, 49 Am. St. Rep. 17. Defendant's indorsement did not constitute her a surety for her husband's debt. Street v. Alex. City Bank, 203 Ala. 97, 82 South. 111; The testimony of Boyles was not an opinion, but a statement of fact. Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Elliott v. Stocks, 67 Ala. 290; Hancock v. Kelly, 81 Ala. 368, 2 South. 281.

McCLELLAN, J. The plaintiff, the People's Bank, declared on a negotiable instrument for $2,500 (with credits admitted), executed to it on August 2, 1916, by Denton Live Stock Commission Company, a corporation. The note was indorsed by defendant, appellant. In aid of the plaintiff's action, proceedings in garnishment (attachment against the nonresident defendant) were instituted. Besides the general issue, the defendant interposed pleas to these effects: That the note in question was the obligation of her husband, J. R. Little, only, and that by indorsement she could not validly become surety for his debt (Code, § 4497); that the note was given to secure an indebtedness of the Denton Company, in which defendant was not a stockholder; her husband was a stockholder, liable for the corporation's debts to the extent of his stock therein; that the plaintiff, a banking house, breached its duty to apply to the payment of this note the sufficient funds on deposit to the credit of the Denton Company; whereupon defendant was discharged from liability as an indorser; and that, as executed, the note was the obligation of her husband, not the obligation of the Denton Company, and that the consequence was to make her the surety for her husband's debt. There was no demurrer to the pleas. Issue was joined upon their averments. The trial was by the court without a jury.

The face of the note in question is in these words and figures:

"$2,500.00.      Mobile, Ala., August 2, 1916.

"On demand after date for value received we promise to pay to the order of the People's Bank twenty-five hundred & 00/100 dollars at the banking house of People's Bank of Mobile, Mobile, Ala.

"Each maker and indorser hereof hereby waives all right of exemption of personal property, and agrees that if this obligation is not paid at maturity to pay the cost of collecting, including reasonable attorney's fees. Demand, protest, notice of dishonor and all other requirements necessary to hold them, hereby waived by each and every maker and indorser of this note.      Denton Livestock Company,
"By J. R. Little."

[1] According to the bill of exceptions no descriptive abbreviation or word follows the words, "By J. R. Little," on the face of the note. It is manifest through the employment of, "By J. R. Little," following the name of the corporation, the Denton Company, and even though the note was signed with the corporate name, "By J. R. Little, Vice President," that the corporation was the principal in the note, the single payor; J. R. Little, or the vice president, being but the agent of the Denton Company to affix its signature thereto, not individually bound thereby as a maker or as a comaker of the note with the corporation. Richmond, etc., Works v. Moragne. 119 Ala. 80, 24 South. 834; Falk v. Moebs, 127 U. S. 597, 8 Sup. Ct. 1319, 32 L. Ed. 266. See Briel v. Exchange Bank, 172 Ala. 475, 55 South. 808; Liebscher v. Kraus, 74 Wis. 387, 43 N. W. 166, 5 L. R. A. 496, 17 Am. St. Rep. 171; Sparks v. Transfer Co., 104 Mo. 531, 15 S. W. 417, 12 L. R. A. 714, 24 Am. St. Rep. 351. Had the execution of the note considered in the Briel Case, supra, referred F. C. Briel's signature to an act of agency only, through the use, as here, of the preposition by, a materially different factor would have been present in the question there considered. So far as the face of the note is concerned, the preposition (by) affirmatively restricted J. R. Little's relation to the note to the service of agency thereby unequivocally imported; Little's signature on the face of the note being given in that capacity only. Since the sole maker of the note was thus unambiguously shown to be the Denton Company, parol evidence could not be admissible to vary that feature of the contract between the parties.

[2] On the reverse side of the note the names of the defendant, Lucile E. Little, and her husband, J. R. Little (who purports to have signed the Denton Company's name to the note), appear as indorsers (Code, § 5018), following, among other statements, this:

"Each and every indorser of this note hereby waives demand, protest and notice of protest, and all requirements necessary to hold them as indorsers."

This waiver was effectual for the purposes stipulated. 8 C. J. p. 696.

[3] It is conceded that the defendant was an accommodation indorser (Code, §§ 4984, 5022), who, as therein provided, became "liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew her [him] to be only an accommodation party." See Ala. Nat. Bank v. Rivers, 116 Ala. 12–14, 22 South. 580, 67 Am. St. Rep. 95, pronouncing legal principles applicable to such indorsements previous to the enactment of the Uniform Negotiable Instruments Act.

In the hands of a bona fide holder, in due course for value, accommodation paper "becomes precisely what on its face it imports, and is no less binding on the accommodation party because of its character as accommodation paper." Farley Bank v. Henderson, 118 Ala. 463, 24 South. 433.

In consequence of the express provisions of Code, § 5021, the indorser, the defendant,

warranted that the instrument was at the time of her indorsement valid and subsisting, and also, by appropriating the provisions of subdivisions 1 and 3 of the preceding section (5020), the indorser warranted that the instrument was genuine in all respects it purported to and that all prior parties had capacity to contract. See Brannan's Neg. Inst. Law, pp. 243–250.

The undisputed evidence discloses that the payee made a loan on this note after its indorsement by the defendant, the defendant herself testifying:

"Yes, I indorsed such a note. I presume it is the note sued on in this case, in view of the fact that I have indorsed only one note of the Denton Live Stock Commission Company for $2,500, which was dated August 2, 1916."

It results from these considerations, referable to the theories of defense indicated, that the here impleaded indorser can take nothing either through absence of evidence of authority in J. R. Little to execute this note for and in the name of the Denton Company, or through the assumption that Little as vice president had no such authority to thus bind the Denton Company.

[4] If the statements of the witness Boyles, plaintiff's cashier, that the loan was to the Denton Company, not to J. R. Little, individually, and that the debt was the Denton Company's, not J. R. Little's, individually, were entirely excluded, still the undisputed evidence otherwise invited and justified the finding that the debt, evidenced on the face of this note, was the debt of the Denton Company only, in which event reversal for the admission of inadmissible evidence will not be entered. First Nat. Bank v. Chaffin, 118 Ala. 246, 24 South. 80; Deal v. Houston County, 201 Ala. 431, 434, 78 South. 809.

[5] The statement of the witness Boyles, plaintiff's cashier, that the loan thus made was checked out by the Denton Company in the ordinary course of its business, was not inadmissible on the ground that the checks themselves were the best evidence of the matter recited. The right to the possession of paid checks—as respects the depositor and the bank—is discussed in section 460 of 2 Morse on Banking (5th Ed.). The stated subject-matter of the witness' statement was but collateral to the issues on the trial, not subject to the rule the objection sought to invoke. 22 C. J. p. 978, note 74; 13 Mich. Ala. Dig. p. 1046. The witness' testimony that the money was thus paid out was the statement of a collective fact, which, if unjustified, was susceptible of being disclosed on appropriate cross-interrogation of the witness.

[6, 7] As has been earlier indicated, the defendant's contention that the debt, evidenced by the note sued on, was that of defendant's husband, is not sustained; the burden of proof to that end being upon defendant. Hall v. Gordon, 189 Ala. 301, 66 South. 493. The statute's (Code, § 4497) application is founded upon the essential fact that the asserted suretyship of the wife must be of the *husband's* debt. Street v. Bank, 203 Ala. 97, 82 South. 111, 112. The debt represented by this note was the debt of the Denton Company, a corporation. In the absence of contractual stipulation to the contrary, the corporation being a distinct entity from its stockholders, "a stockholder is not, merely by virtue of his position, * * * a cosurety of the corporation. There is no duty imposed by law upon him to use his own individual means to assist the corporation in its money difficulties. * * *" 14 C. J. p. 843. "The fund provided as capital stock becomes the property of the corporation. * * *" 14 C. J. p. 381. Hence if there is no stipulation to the contrary, the assumption by the corporation of a corporate obligation operates to charge the corporate assets, not the individual responsibility or property of the stockholder. The promise of the corporation is not the promise of the individual stockholder. So the theory that the defendant was a surety for her husband, J. R. Little, through or in consequence of his relation of stockholder to the Denton Company, is not well founded.

[8, 9] It is insisted, under defendant's fifth plea, that the defendant was discharged as an indorser because upon the maturity of the note (which the plea avers occurred within a reasonable time after its delivery, on August 2, 1916) the plaintiff had funds of the Denton Company on deposit with it sufficient to pay the note in full, but, breaching its duty in this respect, the plaintiff did not apply such funds to the note's satisfaction. This theory of discharge, upon which plea 5 proceeds, has been approved in Fruitticher El. Co. v. Birmingham Trust Co., 201 Ala. 676, 79 South. 248, applying the pertinent doctrine of Tatum v. Commercial Trust Co., 193 Ala. 120, 69 South. 508, L. R. A. 1916C, 767.

The note, it is true, was payable "on demand after date"; but these stipulations appear in the face of the note:

"Demand, protest, notice of dishonor and all other requirements necessary to hold them, hereby waived by each and every maker and indorser of this note."

As already stated, this defendant, an indorser, interposed her signature (on the note's reverse side) under this provision:

"Each and every indorser of this note hereby waives demand, protest and notice of protest, and all requirements necessary to hold them as indorsers."

In order to determine the fundamental element of the theory of defense (the *discharge* of the defendant-indorser) asserted in the fifth plea (outlined above), it is necessary to construe the instrument with particular ref-

erence to the therein and thereon given *waivers* quoted ante, to the end of declaring the intention of the parties; according, in the process, effect to each word and phrase in the instrument as a whole. Massie v. Byrd, 87 Ala. 672, 680, 6 South. 145.

A *waiver* of presentment, etc., in the body of the note is of the obligation of an indorser, unless the indorser differently stipulates. 8 C. J., p. 701; Code, § 5060, section 111, Unif. Neg. Inst. Law. Reading both the terms of the *waiver* on the face of the note and the terms of the *waiver* to which defendant affixed her signature on the reverse side of the note, it appears quite clear that the intent, common to the parties to the instrument, was to eliminate every condition or prerequisite to defendant's liability as an indorser that, without such waiver, would have been effective to render contingent the defendant's liability as an indorser; the loan, by the plaintiff-payee, on the instrument being made after such indorsement was given by the defendant. Under such circumstances of comprehensive waiver—constituting an otherwise unqualified part of the instrument itself—the indorser becomes unconditionally liable for the debt evidenced by the instrument. In Story on Notes (7th Ed.) § 148, p. 199, it is said:

"Sometimes the indorsement contains a written agreement to dispense with any demand upon the maker, or with notice of the dishonor, if the note is not duly paid. In such cases, the indorser will be liable thereon, not only to his immediate indorsee, but to every subsequent holder; for the language will be construed to import an absolute dispensation with the ordinary conditions of an indorsement."

Provisions of the Uniform Negotiable Instruments Act contribute to confirm that conclusion:

"Presentment for payment is dispensed with: * * * (3) By waiver of presentment, express or implied." Code, § 5037 (section 82, U. N. I. Act).

"Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied. *Where the waiver is embodied in the instrument* itself, it is binding upon all parties. * * *" (Italics supplied.) Code, § 5060 (sections 109, 110, 111, U. N. I. Act).

The unconditional liability of the indorser resulting, as stated, from the binding waiver component of the instrument renders inapplicable the doctrine of discharge invoked by the averment of plea 5, a doctrine recognized in Fruitticher El. Co. v. Birmingham Trust Co., supra; the existence or observance of the *duty*, averred in plea 5, to apply the funds on the deposit with plaintiff-payee to the Denton Company's credit in discharge of the instrument being unavailable to defendant who had, by binding waiver, rendered herself unconditionally liable for the debt evidenced by the instrument. The averment of plea 5, asserting the duty to so apply funds on deposit, was hence, not established by the evidence.

[10, 11] The garnishees, executors of the estate of R. W. Ennis, deceased, assign error referable to this feature of the judgment:

"And it appearing to the court that this suit was begun by attachment by levying a sheriff's garnishment, and that the garnishees have answered admitting an indebtedness, and that they have property in their hands belonging to defendant, or in which she has an interest from which they will probably be indebted to her in the future, but that a portion of the money in their hands is held to meet a prior obligation due to them as executors of R. W. Ennis, deceased, which matter is now in litigation:

"It is therefore considered by the court and it is the order, judgment, and decree of the court that the money in the hands of the garnishees, as well as any other which may come into their hands from the property now held by them, be condemned as soon as it reaches their hands to the payment of this judgment and costs; provided that should the court hold the claim of garnishees, as executors of R. W. Ennis, to be a valid and binding obligation, then no part of the money held by the executors from the estate of R. W. Ennis shall be paid on this debt until after the obligation due to his estate shall have been settled."

It is suggested in brief that the litigation alluded to in the judgment quoted was that determined by this court in Little v. Ennis, 207 Ala. 111, 92 South. 167, the result of which removed the basis for the condition upon which the judgment of condemnation was predicated.

It does not appear that the garnishees are parties appellant to this appeal. They have taken no cross-appeal. No right is shown in the garnishees to assign error under Supreme Court Rule 3, Civil Code, p. 1507. Hence the error assigned by the executors, etc., cannot be considered.

If the conditional judgment against the garnishees was irregular at the time entered, it is evident no prejudice to the defendant (sole appellant) resulted from the irregularity intervening.

The judgment is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

## On Rehearing.

McCLELLAN, J. [12] The application for rehearing invokes reconsideration of two matters resolved against the appellant in the opinion ante. One insistence is that this court erred in its conclusion that the averment of *duty* expressly averred in plea 5 was "not established by the evidence." The averment is that after the note became due the Denton Company had on deposit with the plaintiff a sum or sums sufficient to pay the

note in full, "and that it was the duty of plaintiff"—to the defendant, an indorser—"to apply said money to the payment" of the note in exoneration of this defendant's liability thereon. Issue was joined on the averments of this, among other pleas. As stated in the original opinion, the contractual engagement evidenced by the note's terms and by the provisions (on the back of the note) to which the defendant affixed her signature contradicted, in legal effect, the averment of duty asserted in plea 5. The burden was upon the defendant to support this material allegation of plea 5. Not having done so in any degree, appellant's contention that plea 5 was proven could not be affirmed. Rasco v. Jefferson, 142 Ala. 705, 709, 38 South. 246. The argument that plaintiff should have replied to plea 5, and through that method should have set up the matter of indorser's waiver expressed on both the face and the back of the note sued on, is not well grounded; the burden being upon the defendant to support the indicated material averment of plea 5. As presented on this record, the solution of the particular question is determinable by reference to the evidence on issue joined in plea 5—not to the absence of pleading subsequent to that plea (5).

[13] Reconsideration by the court of the primary inquiry projected by defendant's pleas asserting that the note evidenced the personal obligation of her husband, J. R. Little, and that she could not be held liable for her husband's debt, confirms the view originally pronounced. A corporation is "incapable of doing the manual act" of executing a writing. Collins v. Hammock, 59 Ala. 448, 454. The signing of the corporate name is shown to have been the manual act of J. R. Little; and the form of execution employed discloses the corporation's relation as *principal* therein, and shows Little's participation in the act to have been only that of an agent to execute the instrument in the corporate name; thus excluding the entertainment of any intent to individually, personally bind J. R. Little. Roney's Adm'r v. Winter, 37 Ala. 277. See Stringfellow v. Mariott, 1 Ala. 573, 576.

[14] It is also insisted in support of the rehearing that the *authority* of J. R. Little to execute the instrument in the name of, for the Denton Company was open to inquiry by this defendant, an *indorser*; and that the

209 ALA.—40

conclusion should prevail that J. R. Little had no authority to affix the corporate name or to bind the corporation in the premises; wherefore, in consequence of the deserved application of the doctrine which, upon occasion, declares personally liable persons who, without power or authority thereunto, undertake to contract for and in the name of another (citing Belisle v. Clark, 49 Ala. 98; Gillaspie v. Wesson, 7 Port. 454, 31 Am. Dec. 715), the debt evidenced by the negotiable instrument sued on was and is the debt of the defendant's husband to the security of which the wife, under Code, § 4497, cannot be bound (citing Richardson v. Stephens, 122 Ala. 301, 25 South. 39).

[15] As decided in the original opinion in expression of the concluding provisions of Code, §§ 5020, 5021, this defendant, an indorser warranted the genuineness of the instrument in all respects it purported to be, that "all prior parties had capacity to contract," and "that the instrument at the time of his [her] indorsement" was "valid and subsisting." The operation of these statutes was to conclude inquiry *by this indorser* into the validity or binding quality of the instrument for the purposes manifested in its face. These statutes (sections 5020, 5021) are not subordinate to the provisions of Code, § 4497, and are not qualified by sections 4497, forbidding suretyship by the wife of the husband's debt. The deserved application of sections 5020, 5021, concludes inquiry into the *authority* of this husband, J. R. Little, to execute the instrument *for* the Denton Company alone, through which inquiry, thus inhibited, it is proposed to establish the husband's liability for the debt evidenced by the negotiable instrument sued on. There is no inharmony or inconsistency between the rule of sections 5020, 5021, and section 4497. The stated insistence is not well founded. The *waivers*, to which the defendant (an indorser) subjected her liability under this instrument, preclude exonerating, discharging advantage to the defendant (an indorser) through the provisions of Code, § 5041 (section 87 of Uniform Negotiable Instruments Act). See, also, Code, § 5025 (section 70 of that act).

The application for rehearing is therefore denied.

SAYRE, GARDNER, and MILLER, JJ., concur.