I cannot agree with the majority's decision that Edward Kelly, Jr., signed this note as an individual, thus assuming personal liability. The trial court was correct in granting summary judgment in favor of the defendant.
The majority is correct when it decides that Code 1975, §7-3-403 applies. However, it is not clear which part of §7-3-403 results in the personal liability for Kelly.
Section 7-3-403 provides:
 "(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
 "(2) An authorized representative who signs his own name to an instrument:
 "(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
 "(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
 "(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." *Page 1208 
I believe the note in this case falls under subsection (3) of § 7-3-403, which provides that a signature is made in a representative capacity when the name of an organization is preceded or followed by the name and office of an authorized individual.
A similar situation can be found in Southeastern FinancialCorp. v. Smith, 397 F. Supp. 649 (N.D.Ala. 1975), rev'd on othergrounds, 542 F.2d 278 (5th Cir. 1976). The instrument in that case was signed as follows:
"CARRIAGE HOUSE MOBILE HOMES, INC.
"General Account
 "By Woody Lacy /s/
Authorized Signature
 "By John Smith /s/
Authorized Signature"
In that case, Senior District Judge Lynne stated:
 "Plaintiff relies on 3-403 (2)(b) as establishing Mr. Smith's liability. That reliance is misplaced, however, since 3-403 (3) more closely reflects the facts of this case. Concededly, the signatures of Messrs. Smith and Woody [Lacy] are not followed by any designation of their offices, so that subsection 3 is not precisely applicable. Since 3-403 (2) imposes liability on an agent only where `the instrument' fails to reveal his representative capacity, however, we are free to look at the entire instrument for evidence of the capacity of the signer. The facts that the check indicates that it is drawn against the `General Account' of the corporation and that the signatures are each preceded by the word `By' are sufficient to remove any possible confusion as to whether Smith and Woody [Lacy] were signing as agents of the corporation. It is improbable that anyone dealing with these checks would be led to believe that Smith and Woody [Lacy] were signing as joint obligors with the corporation."
397 F. Supp. at 653 (citations omitted).
Paraphrasing a portion of that opinion and relating it to this case expresses my belief as follows:
 "Plaintiff relies on 3-403 (2)(b) as establishing Mr. Kelly's liability. That reliance is misplaced, however, since 3-403 (3) more closely reflects the facts of this case. Concededly the signature of Edward Kelly, Jr., is not followed by any designation of his office, so that subsection (3) is not precisely applicable. Since 7-3-402 (2) imposes liability on an agent only where `the instrument' fails to reveal his representative capacity, however, we are free to look at the entire instrument for evidence of the capacity of the signor. The facts that the note indicates Athletic World Sporting Goods, Inc., was a party to the note and that the signature of Kelly is preceded by the word `By,' are sufficient to remove any possible confusion as to whether Kelly was signing as agent of the corporation. It is improbable that anyone dealing with the note would be led to believe that Kelly was signing as a joint obligor with the corporation."
It is recognized that in Giacalone v. Bernstein,348 So.2d 679 (Fla.Dist.Ct.App. 1977), the Florida court held that just the word "By" preceding a signature without more on the face of the note fails to show that the note was signed in a representative capacity. In that case, however, the name of the corporation did not appear anywhere on the face of the note. In this case, however, more is shown, because the name of the corporation, Athletic World Sporting Goods, Inc., precedes the signature of Kelly.
In an Alabama pre-UCC case, Little v. Peoples Bank of Mobile,209 Ala. 620, 96 So. 763 (1923), a note was signed "Denton Livestock Company `By J.R. Little.'" No descriptive abbreviation or word designating his office of vice president followed J.R. Little's signature. This Court said in that case:
"So far as the face of the note is concerned, the preposition(by) affirmatively restricted J.R. Little's relation to the note to the service of agency thereby unequivocally imported; Little's signature on the face of the note being given in that capacity only." 209 Ala. at 622, 96 So. 763.
This Court held, in Little, that the corporation was the principal, the single maker, *Page 1209 
and J.R. Little was only the agent of the Denton Livestock Company and was not individually bound thereby as a maker or as a comaker of the note with the corporation.
The majority express their view that the face of the instrument involved does not put a person on notice as to who is liable on the instrument. I believe the instrument does give notice of liability. The majority incorrectly expands the scope of Wurzburg Brothers, Inc. v. Coleman, 404 So.2d 334 (Ala. 1981). I concurred in Wurzburg because an examination of the instrument involved indicated that personal liability of the agent was intended when the instrument was signed. The situation in this case is quite different. In Wurzburg the name of the corporation did not appear at the bottom of the note where it was signed. I would affirm the summary judgment in favor of Kelly.
MADDOX, SHORES and BEATTY, JJ., concur.