PITTMAN, Judge.
This appeal involves a dispute concerning whether an individual is a proper party to an action by a landowner seeking to recover unpaid rent owed by a lessee corporation.
In January 2002, Sweet Smitherman, proceeding pro se, sued Larry Smith, an individual allegedly “doing business” under the trade name “S & H Mobile Homes,” in the Chilton District Court; Smitherman alleged that Smith owed her $2,500 in unpaid rent. Smith, proceeding pro se, answered and denied liability, contending that Smitherman had unlawfully increased rent charges as to the subject property. In February 2002, Smitherman, acting through counsel, filed an amended complaint to which she attached as an exhibit the lease under which she claimed entitlement to unpaid rent; because the amended complaint sought recovery of $26,000, an amount in excess of the district court’s jurisdiction, the case was transferred to the Chilton Circuit Court.
The circuit court entered a default judgment in favor of Smitherman in September 2002; however, that judgment was set aside on Smith’s motion, and the case was restored to the active docket. The circuit court held an ore tenus proceeding on May 30, 2003, at which both parties were represented by counsel and gave testimony. It became apparent during the questioning at trial that Smith claimed, among other things, that WLS, Inc., a corporation, was the lessee and that he was not personally responsible for the obligation to pay the rent stated in the lease. In pertinent part, the lease introduced into evidence provided:
“This lease agreement is made this the 30th day of March, 1998, by and between Sweet M. Smitherman, hereinafter referred to as Lessor or Smither-man, and WLS, Inc., d/b/a S & H Mobile Homes, hereinafter referred to as Lessee or S & H:
“WITNESSETH:
“That Lessor, in consideration of the rents agreed to be paid and the mutual covenants and agreements herein contained, does hereby agree to lease unto Lessee all of that certain tract of parcel of land situated in Chilton County, Alabama, and being more particularly described in the survey attached hereto....
“TO HAVE AND TO HOLD the premises unto Lessee upon the following terms and conditions:
*287 [[Image here]]
“2. RENT DURING INITIAL TERM: It is understood and agreed that the lease or rental amount agreed for the payment of the land so leased is $5,000.00 per month and the same being due and payable on April 10, 1998, and the further sum of $5,000.00 due on or before the 10th day of each month thereafter to and including March 10, 2003. Time is of the essence in this agreement. In the event that the Lessee fails to make said monthly rental payments timely and as herein provided, the payment in arrears shall earn interest at the rate of 10% per annum. Provided, however, if payment is more than 10 days late, a late charge of $500.00 will be assessed per month....
[[Image here]]
“5. FIRST RIGHT OF REFUSAL: It is understood and agreed by the parties to this Lease that at any time during the initial term or in the event of any option or extensions, S & H shall have the right of first refusal to purchase the premises.
[[Image here]]
“18. NOTICES: Any notice provided for in this lease shall be in writing and either hand delivered to the addressee design[ate]d below or mailed via certified mail, return receipt requested, addressed as follows:
[[Image here]]
“TO LESSEE: WLS, Inc. d/b/a S & H Mobile Homes P.O. Box 515 Thorsby, Alabama 35171
[[Image here]]
“IN WITNESS WHEREOF, the parties hereto have executed and sealed this lease agreement, this day and year first above written.
7s/ David B. Karn By: /s/ Sweet M. Smitherman “Witness Sweet M. Smitherman Lessor
“WLS, Inc. d/b/a S & H Mobile Homes
7s/ David B. Karn By: William Larry Smith, President “Witness
“Its: /s/ William Larry Smith Lessee”
(Capitalization and bold typeface original.)
Smitherman initially testified that she “was suing” WLS, Inc., but then she opined during cross-examination that Smith was the proper defendant because, in her view, he had made and signed the lease agreement. Smitherman admitted that all of the checks she had received for rent on the property had identified the owner of the account as “WLS Corporation d/b/a S & H Mobile Homes” and that the lease had been signed by Smith as “president” of WLS, Inc.
At the close of Smitherman’s evidence, Smith orally moved for, in effect, a judgment on partial findings in his favor pursuant to Rule 52(c), Ala. R. Civ. P., arguing that “this case is a case between a corporation obviously under the lease and this person is not Larry Smith.” The trial court did not rule on the motion, and Smith then presented his case, which consisted of his own testimony; among other things, Smith testified that although he did sign the lease on behalf of WLS, Inc., he did not obligate himself personally under the lease. The case was then submitted for a decision.
On May 30, 2003, the circuit court entered a judgment on the case action summary sheet “in favor of Sweet Smitherman and against Larry Smith” and assessed damages at $26,000. On June 3, 2003, Smith filed a motion to amend the judgment to name WLS, Inc., as the defendant; the circuit court then entered an order on June 4, 2003, stating that the judgment “is against Larry Smith.” Smith appeals.
*288 Smith contends that the evidence in the case was insufficient to support a judgment against him in his individual capacity. We agree. As we noted in Callaway v. E.H. Smith Electrical Contractors, Inc., 814 So.2d 893 (Ala.Civ.App.2001), under Alabama law, “ ‘[a]n agent is presumed to intend to bind his principal only and to incur no personal liability and unless an intention to substitute or superadd his personal liability for or to that of his principal is clearly shown, he will not be bound in his individual capacity.’ ” 814 So.2d at 897 (quoting Sealy v. McElroy, 288 Ala. 93, 104, 257 So.2d 340, 350 (1972)). In this case, the lease signed by Smith identifies the lessee as “WLS, Inc., d/b/a S & H Mobile Homes,” not Smith, and Smith’s signature appears beneath the words ‘WLS, Inc. d/b/a S & H Mobile Homes” and the words “By: William Larry Smith, President.”
Unless an intention to the contrary appears in a particular instrument, such as the lease under review in this case, “an unsealed written instrument is interpreted as the instrument of the principal and not of the agent if, in the signature or description of the parties, the name of the principal and agent both appear, the agent indicating his agency.” Restatement (Second) of Agency § 156 (1958) (emphasis added). The comments to § 156 state, among other things, that “[t]he principal’s name followed by the agent’s name preceded by a preposition such as ‘by’ or ‘per’ ” give rise to “an inference that the principal and not the agent is a party,” and that “[t]he word ‘president’ ... in a description of the parties or in a signature of an instrument has substantially the same effect as the word ‘agent’ in determining who are parties thereto.” Id., comments a. and c.
Consonant with these principles, the Alabama Supreme Court held in Little v. People’s Bank of Mobile, 209 Ala. 620, 96 So. 763 (1923), that a note for $2,500 bearing the name “Denton Livestock Company” and the signature “By J.R. Little, Vice President” evidenced an obligation of the livestock company and not of Little:
“So far as the face of the note is concerned, the preposition {by) affirmatively restricted J.R. Little’s relation to the note to the service of agency thereby unequivocally imported; Little’s signature on the face of the note being given in that capacity only. Since the sole maker of the note was thus unambiguously shown to be the Denton [Livestock] Company, parol evidence could not be admissible to vary that feature of the contract between the parties.”
209 Ala. at 622, 96 So. at 765.
Because the lease at issue does not clearly show “an intention [on the part of Smith] to substitute or superadd his personal liability for or to that of’ WLS, Inc. (Callaway, 814 So.2d at 897), we conclude that the circuit court erred in entering a judgment against Smith because he was not a party to the lease at issue. The judgment of the Chilton Circuit Court is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.