Sullivan, J.
Debt. The declaration is upon a bond in the penalty of $500 with a condition in which, after reciting that, on, &c., a license had been granted to the defend *459 ant to retail spirituous liquors in the town of Huntington, &c., it was stipulated “that should the said MeCarty not permit any gambling, rioting, or disorderly conduct in his house, but conform to the laws of the State restraining gambling, rioting, and disorderly conduct in his house, and should he not suffer any unlawful assemblies, or sell or retail any spirituous liquors on the Sabbath day except to travelers, then said writing was to be void, &c. In the declaration four breaches were assigned, as follows, viz.: 1, That the defendant did permit disorderly conduct in his house in this, to wit, that, on, &c., he permitted and suffered one Martin Houser, one Lawrence McCarty and one John Fowler, to behave and conduct themselves in a disorderly manner in his house by then and there fighting and quarreling together, making a great noise and disturbance to the great annoyance of the citizens, &c.; 2, That said McCarty did suffer unlawful assemblies in and about his house during the continuance of his license, &c.; 3, That the defendant, during the continuance of his license as aforesaid, did sell and retail spirituous liquors on the Sabbath or first day of the week to divers persons who were not travelers, to wit, one pint of whisky to one Martin Houser, one pint of brandy to one Johnson, one pint of whisky to one Griffith, &c.; 4, That the defendant did permit gambling, rioting, and disorderly conduct in his house, during the time for which- he was licensed as aforesaid; and that he did not conform to the laws of the State restraining gambling and disorderly conduct about taverns and public houses, &c. The defendant craved oyer of the bond and condition, and filed demurrers to each breach. The demurrers to the first, second, and fourth, were general; to the third it was special, and assigned for cause that the breach was double. Judgment for the defendant.
It is contended that no action can be sustained on the bond on which this suit is brought, because it is said the bond is not in conformity with the act to license and regulate taverns and groceries. R.. S., 1838, p. 581. We think, however *the requisitions of the statute are substantially complied with. The statute requires that the appli *460 cant for license shall give bond that he will, inter alia, '“conform to the laws of this Sítate, restraining gambling, and disorderly conduct about taverns or public houses,” &c. The condition of this bond is “ that he will conform to the laws of this State restraining gambling, rioting, and disorderly conduct in his house, &o.” The import of the words in the condition of the bond is that in the house which he (McCarty) was about to open, he would conform to the laws of the State for the restraint of gambling, &c., in such places.
T. Johnson, for the plaintiff.
W. H. Coombs, for the defendant.
Another reason given in support of the judgment of the Circuit Court'is that there was a fatal variance between the-bond shown on oyer and that declared on. The bond declared on is payable to Henry Boles, treasurer of Huntington county; that shown on oyer is payable to Henry Boles, treasurer of Huntington county, or his successors in office. The variance is immaterial. In a suit by Boles it was not necessary to notice the obligation to pay to his successors. The validity of the bond would -not be affected by the omission of those words, Redpath v. Nottingham, 5 Blackf., 267; nor if in the bond is it a variance to omit them in the declaration. 1 B. & Ald., 224; Anon. 12 Mod., 447; Bayley on Bills, 427.
We think the Court erred in sustaining the demurrer to the first breach. It states a distinct traversable fact, which, if true, would be a violation of the condition of the bond. The second and fourth breaches are too general, and the demurrers to those breaches were correctly sustained. The third breach is bad for duplicity, and the demurrer to it was properly sustained. On account of the error of the Court in sustaining the demurrer to the first breach, the judgment must be reversed.
Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.