## BUCKNER'S ADM'R *vs.* STEWART.

[ACTION FOR CONTRIBUTION BETWEEN SURETIES.]

1. *Form of injunction bond, in description of obligee.*—An injunction bond, payable to "J. L. E., register in chancery," which shows in its body that it is an obligation required by law to be made payable to the register in his official capacity, will be held good as a statutory bond, (Code, § 2973,) although the description of the obligee might raise a *prima-facie* intendment that it was payable to him individually.

2. *Same, as to amount of penalty.*—Although the statute requires that the penalty of an injunction bond shall be double the amount of the judgment sought to be enjoined, (Code, § 2973,) yet an excess of ten dollars above that amount will not destroy its validity and effect as a statutory bond.

3. *Suppression of deposition on account of defects in commission.*—In an action against an administrator, in his official capacity, it is not a good ground for suppressing a deposition, that the commission describes him as "administrator, &c.," without adding the name of his intestate : such defects in the commission may be supplied by reference to the other papers in the cause.

4. *When action lies for contribution.*—On the dissolution of an injunction, either surety on the bond has a right to pay off the amount due, without waiting for the issue of an execution, and to claim contribution from his co-surety ; and his right of action is not dependent on the insolvency of their principal.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. WM. M. BROOKS.

This action was brought by Samuel M. Stewart, against Thomas H. Lewis, as the administrator of John L. Buckner, deceased, to recover contribution for money paid by plaintiff, as co-surety with defendant's intestate, on an injunction bond, which was in the following words: "Know all men, by these presents, that we, John E. Rochell, Samuel M. Stewart and John L. Buckner are held and firmly bound unto James L. Evans, register in chancery for said 16th district, in the penal sum of two thousand three hundred dollars, lawful money of the United States of America, to be paid to the said James L. Evans, register, his successors or assigns; for which payment, well and truly to be made, we bind ourselves jointly and severally, and each of us our heirs, executors and administrators, firmly by these presents. Witness our hands and seals, this 9th day of May, A. D. 1855. Whereas, the above bound John E. Rochell this day filed his bill of complaint in our court of chancery, against Blair & Solomon, setting forth that, at the fall term, 1854, of the circuit court of Dallas county, said Blair & Solomon obtained a judgment againt said Rochell, for the sum of eleven hundred and forty-five dollars, besides costs, and that an execution on said judgment is in the hands of the sheriff of Marengo county, and about to be levied upon the property of the said complainant; and said bill prays, among other things, that the sheriff of Marengo county be enjoined from levying said execution on the property of the complainant; and whereas, on the 9th May, 1855, the Hon. C. W. Rapier, one of the judges of the circuit court of this State, ordered that an injunction issue according to the prayer of the bill, on complainant giving bond, with surety, in double the amount of the judgment, and conditioned as therein required: Now, therefore, the condition of the above obligation is such, that if the above bound John E. Rochell, his heirs, executors, administrators, or any of them, shall and do well and truly pay, or cause to be paid, the amount of the above named judgment, with interest, and shall also pay such costs and damages as may be awarded to the said Blair & Solomon on the dissolution of said injunction by the court of chan-

cery, by the bill filed by the said Rochell as aforesaid, then the above obligation to be void; otherwise, to remain in full force and virtue."

The complaint, as set out in the record, contains *four* counts; but the judgment entry and other parts of the record show that a demurrer was interposed to the first, second, and *fifth* counts, and sustained as to the two former. Omitting the first count, the other counts, as copied in the transcript, are as follows:

"2. And the plaintiff claims the further sum of twenty 55-100 dollars, for money paid out and expended by him, for the use, and at the instance and request of the defendant's intestate; for that whereas, by reason of the dissolution of the injunction, as above stated, the register in chancery for the 16th district, at Cahaba, issued a *fi. fa.* against the obligors on said bond above described, for the costs of said chancery suit, which amounted to forty-one 30-100 dollars; which said sum the plaintiff paid and discharged on the 7th September, 1857; and one-half of said sum, with interest thereon, is due to plaintiff from defendant's intestate.

"4. The plaintiff claims of the defendant, also, the sum of one thousand dollars, for money paid, laid out and expended for the defendant, as administrator as aforesaid, and at his special instance and request.

"5. The plaintiff claims of the defendant, also, the sum of one thousand dollars, for this: that after the said injunction bond was given, as set forth in the first count, and after said injunction was dissolved, as stated in said count, the register in chancery of said chancery court issued his certificate to the clerk of the circuit court, certifying that said injunction was dissolved, and that plaintiff and defendant's intestate were the sureties of said John E. Rochell on said injunction bond in said first count mentioned; and afterwards, on the 14th March, 1856, the defendant's intestate, then being the clerk of the circuit court of Dallas county, issued an execution, as such clerk, against said Rochell, and plaintiff and himself as the sureties of said Rochell, on said injunction bond, and in favor of Blair & Solomon, for the amount of said

judgment, with costs, in said injunction bond mentioned, with credits endorsed on said *fi. fa.*, as of the 3d May, 1856, for five hundred and seventy-one 40-100 dollars; and said writ of *fi. fa.* was returned to said circuit court, the 26th October, 1856, with an entry of satisfaction as to costs of said case in the circuit court, and a further credit of forty-one 26 100 dollars; and after the said writ was so returned, the defendant's intestate departed this life; and afterwards, on the 21st March, 1857, the clerk of said circuit court of Dallas county issued another writ of *fi. fa.* on said judgment and injunction bond, in favor of said Blair & Solomon, and against plaintiff as the surety of said Rochell on said bond, for the balance due on said judgment after allowing the aforesaid credits; and the plaintiff avers, that on (to-wit) the 5th day of May, 1857, he paid said sum, being the balance due on said execution, to the sheriff of Montgomery county, who had the same in his hands to be executed, the amount then due on said execution being seven hundred and thirty-nine 96-100 dollars; and that the said defendant, as administrator as aforesaid, although often requested, has not paid to said plaintiff one half of said sum so paid on said *fi. fa.*, nor any part thereof, but so to do does wholly fail and refuse."

The causes of demurrer specified to the *fifth* count were these: "1st, because it avers a statutory judgment and execution, when the bond was a common-law bond, and no execution could issue upon it, except upon a judgment in a suit upon it at common law,—said bond not being in double the amount of the judgment at law; 2d, because it avers a statutory judgment and execution, upon a bond not legal, but void for want of consideration, because payable to said Evans individually, and not as register; and, 3d, because it seeks to impose on defendant's intestate a liability to contribute, when he was not bound to do so by the bond signed by him, as described in said count." The demurrer to this count was overruled, and the defendant then pleaded the general issue, and the statute of non-claim.

"Before entering on the trial," as the bill of exceptions states, "the defendant moved to suppress the deposition

of James Y. Brame, a witness for the plaintiff. The court overruled the motion, and the defendant excepted."

On the trial, the plaintiff read in evidence the injunction bond above set out, a transcript of the proceedings in the chancery court showing the dissolution of the injunction, and the several executions issued on the bond and judgment; and proved his payment of the balance due on the last execution. "The plaintiff here closed his testimony, and the defendant offering no evidence, the court charged the jury, that if they believed the evidence, they must find for the plaintiff; to which charge the defendant excepted."

The errors now assigned are, the overruling of the demurrer to the fifth count in the complaint, the refusal to suppress the deposition of Brame, and the charge to the jury.

GEO. W. GAYLE, and THOS. H. LEWIS, for appellant.

BYRD & MORGAN, contra.

R. W. WALKER, J.—1. It may be, that an obligation payable to "James L. Evans, register in chancery," is, without more, prima facie payable to him individually ; the addition "register in chancery," being regarded as descriptio personæ. But this prima-facie intendment may be repelled by the body of the instrument; and if, by reference to that, it is seen that the obligation is one which the law required should be taken by, and made payable to, the register in his official capacity, the mere fact that the promise is expressed to be to James L. Evans, register, instead of to him as register, does not deprive the bond of its character as a statutory obligation. The terms of the injunction bond, as set out in this complaint, clearly show that it is one of a class of obligations which the law requires shall be taken by, and made payable to, the register as such, and that it was designed to be given in conformity to the statute. If, in other respects, it has the requisites of a statutory bond, the court will consider it as given in compliance with section 2973 of the Code, and subject to all the remedies provided in relation to bonds

given under that section.—See Chapman v. Spence, 22 Ala. 591; Polk v. Plummer, 2 Humph. 500; Boles v. McCarty, 6 Blackf. 427; 1 Iredell, 155; 4 Humph. 334; 3 Dev. 284; 1 Hayw. 144. A note payable to A. B., executor, may be sued on by the executor as such, upon the averment that it was made to him *as* executor, and is assets of the estate.—1 Chitty's Pl. 20; Arrington v. Hair, 19 Ala. 244; Harbin v. Levi, 6 Ala. 399; Dunham v. Grant, 12 Ala. 105.

2. The Code requires that the bond shall be in double the amount of the judgment.—Code, § 2973. The objection that this cannot be considered a valid statute bond, because its penalty is greater by ten dollars than that required by law, is too technical to meet our approval, though it must be admitted that in some of the States this has been held a fatal defect. But the view which we take of the question is sustained by authority, and is certainly consonant to reason.—Bagby v. Chandler, 9 Ala. 770; McCaraher v. Commonwealth, 1 Watts & Serg. 21; Treasurer v. Bates, 2 Bailey, 376. Whether, in a statutory proceeding on such a bond, the sureties could be held liable beyond the prescribed penalty, we need not inquire. Nor do we intimate an opinion as to what would be the effect upon the bond, as a statutory obligation, if the penalty were less than that required by law.

3. It is at least questionable whether this court would revise the action of the court below in overruling a motion to suppress a deposition, unless the particular grounds of objection were specified when the motion was made. Walker v. Smith, 28 Ala. 569. We think, however, that there is nothing in the objection which is here suggested to the deposition of the witness Brame. The defendant was sued "as administrator of John L. Buckner," and he is so styled both in the summons and complaint. The other papers in the cause were, *prima facie*, sufficiently identified by simply describing the defendant "as administrator." Such defects in the commission may be supplied by other parts of the record.—Reese v. Beck, 24 Ala. 658; Jordan v. Hazard, 10 Ala. 221; Evans v. Norris, 1 Ala. 511.

4. The right of the plaintiff to demand contribution from his co-surety was in no sense dependent on the insolvency of their principal. The liability of the sureties was fixed upon the dissolution of the injunction, and either surety had the right, without even waiting for an execution to issue, to pay off the amount due on the bond, and claim contribution from his co-surety.—1 Parsons' Contr. 34; Odlin v. Greenleaf, 3 N. H. 270.

Judgment affirmed.