(119 So. 605)

### DOUGLASS v. ORMAN et al. (8 Div. 47.)

Supreme Court of Alabama. Nov. 22, 1928.
Rehearing Denied Jan. 24, 1929.

Mason Douglass, of Dayton, Ohio, and Stell & Quillen, of Russellville, for appellant.

Wm. L. Chenault, of Russellville, for appellees.

SAYRE, J. The case has been elaborately argued in the brief of counsel for appellant on this application for certiorari to the Court of Appeals. It has had all due attention in this court. Petitioner insists that the Court of Appeals has erred in several particulars in its statement of the facts shown by the record. As to that, it must suffice to say that this court has uniformly refused to investigate disputed questions of fact on applications for the writ of certiorari to the Court of Appeals. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. However, we think we may notice one contention made by petitioner without transgressing the rule. It appears that the trial court allowed interest on appellees' claim. The complaint was in two counts, one claiming a balance due on a promissory note, payable in the state of Kentucky, of which plaintiffs alleged they were "holders and owners"; the other sought contribution, for that plaintiffs had paid in full the note for the payment of which they and defendant had been sureties. Petitioner (defendant, appellant) alleges in his brief that the trial court allowed interest without requiring proof of the legal rate of interest in Kentucky. If the judgment be referred to the first count, there would be no error on this point, because the record shows without dispute that the agreed rate of interest on the note in suit was 6 per cent., nor was there proof that 6 per cent. is usury under the law of Kentucky. As to that, the burden of proof was on appellant. Indeed, if we were permitted to take notice of the table of interest rates printed in the acts of the Legislature, we would know that 6 per cent. is the legal rate of interest in that state.

But in fact, as the opinion of the Court of Appeals conclusively shows, the judgment in the trial court was justified on the ground that it had been rendered on the second count of the complaint, in which event interest as between the sureties was to be calculated at 8 per cent., the legal rate in this state. Further, we observe in this connection, petitioner's brief in this court proceeds upon the theory that the judgment under review may be referred to the first count, and that, being so referred, errors appear. But the case was tried by the court without a jury; the judgment may have been rendered on the second count; the Court of Appeals so refers it; so must this court; and the question of error to reverse depends upon the rulings in the trial court considered with reference to that count. It is very well settled that in law, as well as in chancery, the question of contribution between sureties is to be decided on principles of equity and natural justice, and that the law courts admin-

ister the relief on the ground of an implied contract arising out of the equitable obligation. Couch v. Terry, 12 Ala. 225; Broughton v. Wimberly, 65 Ala. 549; Washington v. Norwood, 128 Ala. 383, 30 So. 405; 13 C. J. 832. The trouble with petitioner's application is: He considers the case as if it had depended entirely on count 1 of the complaint, whereas the rights of the parties as determined in the Court of Appeals, and presumptively in the trial court, depend upon the case made by count 2 and the procedure as referred to that count. In that view of the case we do not find reversible error.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.