141 So. 653

**GAFFORD v. TITTLE et al.**

6 Div. 963.

Supreme Court of Alabama.

March 10, 1932.

Rehearing Denied May 12, 1932.

Edgar Allen, of Birmingham, for appellant.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellees.

BOULDIN, J.

The action is for contribution among accommodation indorsers of a promissory note.

It appears that Jefferson Dairy Company, a corporation, through its officers, negotiated a loan of $10,000 from North Birmingham Trust & Savings Bank, and executed its promissory note with six of its ten directors as accommodation indorsers. In course of time four of these indorsers, including its president and secretary, took up the note, had it endorsed to them without recourse, and jointly brought this suit against appellant, one of the other two indorsers, for contribution.

The main issue of fact in the case arose under defendant's plea No. 1. In substance this plea alleges that this defendant signed as in-

dorser at the instance of H. H. Nix, president of the corporation, and one of the plaintiffs, on the condition that he would get all the other directors to indorse, and upon his promise not to use the note until he had procured such indorsement; that this representation or promise was made with fraudulent intent, and in pursuance of such fraudulent design the note was negotiated to the bank without further indorsement.

Appellant, in brief, first presents for error the ruling of the court sustaining demurrer to plea No. 2. This plea contains all the averments of false and fraudulent representations and promises inducing defendant to sign as set out in plea 1. By additional allegations such plea sets up alleged negligence of plaintiffs, in that, with knowledge of defendant's relation to the note, and of his refusal to renew, still, with funds in the bank sufficient to meet the note, they negligently failed or refused to pay it from the funds of the principal debtor, and renewed it from time to time. ·

Defendant, therefore, had all the benefit of plea No. 2 under plea No. 1. To sustain plea No. 2 the burden would be on defendant to prove all the allegations of plea No. 1, and more. No reversible error, therefore, appears in sustaining demurrer to plea 2.

The note, with indorsements thereon, is made exhibit to and incorporated in the complaint. A waiver clause above the signatures of indorsers, among other things, stipulated: "Each and every endorser of this note hereby waives demand, protest, notice and all other requirements necessary to hold them as endorsers and they agree that time of payment hereof may be extended without notice to them of such extension."

This is an unqualified and unconditional agreement that the maker may renew and the payee may accept a renewal without any discharge of the indorsers.

Plea No. 6 sets up a contemporaneous condition or proviso to the effect that no renewal should be made if at the date of maturity the maker had funds in the bank sufficient to pay it, no matter what other demands must be met.

The plea does not seek to set up liability of indorsers in the order their names appear, but admits the averments of the complaint that they were all joint accommodation indorsers for the maker. There is thus a common obligation of all indorsers carrying a right of contribution in favor of one or more who should meet this common burden.

Plea 6 cannot be regarded as setting up a collateral agreement, not at variance with the terms of the indorsement, but seeks in effect to write into that indorsement an alteration, working a substantial change in the obligations of the parties as fixed by the written contract.

Plea No. 6 undertakes to set up a contemporaneous verbal understanding in contradiction of the contract in writing, the unconditional right to renew without notice. Little v. People's Bank, 209 Ala. 620, 96 So. 763; Dean v. Lyde, 223 Ala. 394, 136 So. 857; Ford v. Southern Motor Co., 208 Ala. 170, 93 So. 902; Hamilton Furniture Co. v. Brenard Mfg. Co., 215 Ala. 187, 110 So. 153; Shows v. Jackson, 215 Ala. 256, 110 So. 273; Doss v. Peterson, 82 Ala. 253, 2 So. 644; Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; Day v. Thompson, 65 Ala. 273; Code, § 9090; Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409.

Contribution at law rests upon the broad basis of natural justice, the same principles recognized in courts of equity, viz.: That joint and several obligors, bound by a like and common obligation, implies a like sharing of the common burden. When one or more satisfy and procure a discharge of the common obligation, either by making payment in money, or by giving his or their own obligation in lieu of the original, and obtaining a surrender of same, or an assignment without recourse, the right of contribution arises as against noncontributing co-obligors.

Contribution being an equitable demand, any inequitable conduct, on the part of those seeking contribution, inducing the party against whom contribution is sought to enter into the common obligation, is a good defense. In case of negotiable paper, the fact that the payee, taking as a bona fide holder, is protected, does not constitute obligors chargeable with such inequitable conduct bona fide holders when they take up the paper, cause it to be indorsed to them, and seek contribution from those against whom such inequitable conduct was directed. The right of contribution rests upon equities existing between the co-obligors, not on any derivative rights from the payee as a bona fide holder. Scott v. McGriff, 222 Ala. 344, 132 So. 177; Douglass v. Orman, 218 Ala. 563, 119 So. 605; Bragg v. Patterson, 85 Ala. 233, 4 So. 716.

This being a joint action at law, all must be entitled to recover or none can recover.

It was upon this theory that the trial court sustained pleas 1 and A against demurrers, and submitted the issues to the jury upon conflicting testimony as to the truth of such pleas. White Sewing Machine Co. v. Saxon, 121 Ala. 399, 25 So. 784; Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733; Somerall v. Citizens'

Bank, 211 Ala. 630, 101 So. 429; Thompson v. Fourth Nat. Bank, 214 Ala. 452, 108 So. 69.

■ Defendant's refused charges set out in assignments of error Nos. 5, 6 and 9, were faulty and were properly refused because they predicated a verdict for defendant upon a finding of only a part of the material facts averred in pleas 1 and A. •

Plea 1 is rested upon false and fraudulent representations or promises of Nix. The charges omit any finding of such fraud.

■ Plea A does, not require proof of a fraudulent design at the time defendant's signature was obtained, but adds, "and as between plaintiffs and defendant the plaintiffs were principals in said note and defendant an accommodation indorser for them and in paying said note to said bank they paid the note for which they were liable as aforesaid."

This latter phase of the plea is wholly ignored in these charges.

There was no evidence tending to support the last-quoted averment of plea A. The entire trend of defendant's evidence is to the effect that he signed the indorsement as it purports to be along with the other directors, but upon condition that all the ten directors should sign, thus limiting his ultimate loss to $1,000.

We need not, therefore, consider whether plea B, seeking to set up a like defense (to which demurrer was sustained), was good or bad.

■ Defendant's refused charge set out in assignment of error No. 7 was bad, if for no other reason, because it also ignored material parts of the plea in which this question was presented.

■ In view of the pleadings and evidence in the cause, defendant's refused charge set out in assignment of error No. 8 was properly refused as misleading. It is clothed in much the same language as certain special replications to plea 1. There was no occasion to consider such replications, whatever be their meaning, until and unless plea 1 was established. The charge called for a verdict for defendant without proof of such plea.

If intended to instruct the jury touching sworn plea C, denying the ownership or transfer of the note as averred in the complaint, it was also misleading. Under phases of the evidence, it would submit to the jury a question of law as to who is a bona fide holder. Evidence tended to show plaintiffs had taken an assignment of the note in pursuance of advice of counsel to put them in position to sue for contribution. This, if done as directed, substituting the plaintiffs' obligation to the bank for the unpaid balance, and procuring a discharge of defendant from liability to the bank, was a legitimate transaction.

Whether the jury would consider plaintiffs bona fide holders in such event was no occasion to hazard.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

On Rehearing.

PER CURIAM.

Original opinion elaborated as to plea No. 6, and application overruled.

ANDERSON, C. J., and THOMAS, BOULDIN, and KNIGHT, JJ., concur.

GARDNER, BROWN, and FOSTER, JJ., dissent.

FOSTER, J.

The only issue which I take with the opinion is its averment that plea 6 sets up a contemporaneous agreement in contradiction of the written contract. Certainly there is no issue with the statement of law that a plea is bad which does that.

I think that the stipulations of the indorsement only affect the relations between the indorsers and payee. To illustrate: There is a principle by which the payee, if a banker, with notice of accommodation indorsers, owes to the indorsers the duty to apply to the payment of the note funds of the maker, the primary debtor, which are on deposit with the payee as such banker, when the note became due, and a failure in that regard ordinarily discharges such accommodation indorsers. Tatum v. Com. Bank & Tr. Co., 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767; Fruitticher Elec. Co. v. Birmingham Tr. & Savs. Co., 201 Ala. 676, 79 So. 248; 7 Corpus Juris 657.

It has been held that an agreement of the nature indorsed on this note rendered inapplicable the doctrine just stated in a suit by the payee against the indorsers, who by such stipulation rendered themselves unconditionally liable to the payee. Little v. People's Bank, 209 Ala. 620, 96 So. 763.

I concede therefore that a parol agreement by the payee to apply such funds to the payment of the note would contradict such agreement by the indorsers with the payee, as a result of the holding in that case. That case held that on account of such stipulation they waived all conditions to their liability to the payee. But I think their relations to the payee and among each other, and with the maker, are distinct. The fact that the indorsers have waived conditions to their liability to the payee should not affect their agreement among themselves respecting their relations thereby established. They could by agreement thus establish among themselves as affecting the duty of contribution the status that one or more shall be liable in priority

**610**

to others, or that their liability is joint or several. Moody v. Findley, 43 Ala. 167.

The duty of the maker to his accommodation indorsers, to pay at maturity, is the legal effect of his execution of the note as the primary debtor. This duty extends not only to use its funds on deposit with the payee, as banker, but extends to the use of other funds available at maturity, and also to the point of procuring funds for that purpose. It requires no express contract between the maker and accommodation indorsers to that effect. Therefore if there is such an express contract it is but the expression of a legal duty otherwise existing by their relations. So that if plaintiffs, who were coindorsers, were officers of the maker, a corporation, and in charge and management of its affairs, and as such caused it to violate its duty to defendant when it could and should have performed it by paying the note, plaintiffs thereby assume the burden of such breach, in respect to their relations with defendant as a coindorser. They thereby violated a duty to defendant sufficient to destroy the liability for contribution, which is enforced at law as in equity on principles of equity and justice. Scott v. McGriff, 222 Ala. 344, 132 So. 177; Douglass v. Orman, 218 Ala. 567, 119 So. 605.

I think the opinion is in error to the extent that it is based upon the idea that the agreement of the indorsers as it appears on the note is in nature an agreement which limits the duty of the maker to the indorsers to pay the note as evidenced by its legal effect. It is true that it fixes the relation of suretyship rather than that of indorsement strictly so called, so as to bind them as ordinary sureties as held in Little v. People's Bank, supra. And the further agreement that an extension of the note by the payee will not discharge them as such sureties does not in any respect change the legal duty of the maker as the primary debtor to pay the note when due.

I think that plea 6 is therefore not subject to the defect discussed in the original opinion.

GARDNER and BROWN, JJ., concur.