154 So. 109

## STRICKLAND et al. v. CARROLL.

### 8 Div. 532.

Supreme Court of Alabama.

April 12, 1934.

Street & Bradford, of Guntersville, for appellants.

Claud D. Scruggs, of Guntersville, and Thos. E. Orr, of Albertville, for appellee.

Brief did not reach the Reporter.

THOMAS, Justice.

The bill was a statutory procedure to quiet title to land. The parties were those entitled to share in the distribution of the estate of one H. H. Stephens and one J. U. Carroll claiming as mortgagee.

The answer of the latter was made a cross-bill, praying that it be decreed that he had

a first lien on the property and for foreclosure or due enforcement of his superior lien upon that property.

The record presents an unfortunate family controversy about the lands and other property of the deceased ancestor. And the suit was brought after the death of the mother, who is alleged to have acted in the premises by direction of her husband. Had she been in life when the bill was filed and trial had, she could have spoken with assurance of what Mr. Stephens desired and what acts he did as to the properties in question. De Freese et al. v. Vanderford et ux., 220 Ala. 360, 125 So. 228.

We cannot say from the evidence that complainant has shown that a gift was intended by that parent to the exclusion of his other children. A detailed discussion of the evidence would serve no good purpose.

■ It is asserted that the chief dispute on this appeal is with Carroll, the mortgagee. It is urged that there was collusion between complainant and Carroll. The burden was upon the original respondents (respondents in the cross-bill of Carroll) to show there was such collusion and fraud against appellants; that is, that the purpose of the acts of complainant and Carroll was to make the lands pay a personal obligation of complainant to Carroll, to the exclusion of the prior mortgage of complainant to the father held by all the heirs at law. The mortgage of complainant to the father was of date of September 13, 1920, and that of complainant to Carroll of date of March 2, 1926. The answer of appellants to Carroll's cross-bill and their insistence in brief were to the effect that, if Carroll held such mortgage, it was subordinate to the mortgage of the complainant to his father, H. H. Stephens.

The evidence showed that the mortgage from the son to the father had not been paid, and supported the finding that it was not or had not been satisfied by due authority of that mortgagee.

The evidence further showed that Carroll's mortgage was to furnish the means for making improvements on the mortgaged premises, which had the effect of enhancing the value of the property secured by the mortgage from complainant, W. E. H. Stephens, to his father, H. H. Stephens. The testimony of Carroll was that the mortgagor obtained the money for the building or completion of the shop, the completion of the walls of other buildings, to put in a cement floor to the alley, etc., and to erect another structure on the land.

The evidence of complainant, W. E. H. Ste-

phens, corroborated the evidence of Carroll as to the improvements made upon the lot with the money he borrowed from Carroll. There is no evidence, that the senior mortgagee, H. H. Stephens, or these respondents assented to such loan and use of the money, or that they were estopped to ask foreclosure of the first mortgage.

It is declared in Shaddix v. National Surety Co., 221 Ala. 268, 271, 128 So. 220, 222: "It is very well settled that if the money was advanced for the purpose of discharging a lien, and was used to do so, and that they were to have security on the land, they would be subrogated to the rights of the lienor. Under such circumstances, they would not be volunteers, and their rights would be superior to all those inferior to the lien which they paid."

■ It may be said generally that subrogation arises when the person seeking the aid of that rule has paid a debt due by another to a third person, and that the former (prior to payment) sustains a relation to that debt or property obligation which makes it necessary to pay the same to protect his claim or lien. Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948; Thigpen v. Arant, 213 Ala. 516, 105 So. 644; Shaddix v. National Surety Co., supra; Shields v. Pepper, 218 Ala. 379, 118 So. 549; Corinth State Bank v. First Nat. Bank of Florence, 217 Ala. 632, 117 So. 216; Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48; Schwab v. Estes Lumber Co., 225 Ala. 452, 143 So. 829; Ragland v. Board of Missions for Freedmen of Presbyterian Church, 224 Ala. 325, 140 So. 435; Gable v. Kinney, 219 Ala. 150, 121 So. 511; Brasher v. Grayson, 217 Ala. 674, 117 So. 301; A. M. Robinson Co. v. Anniston Land Co., 217 Ala. 648, 117 So. 29; 60 C. J. pp. 712, 719, 720.

■ Subrogation is not a matter of right, but of equitable origin, depending on the particular facts of the case; it must appear that the enforcement of the doctrine will best serve the substantial purposes of justice and accord with the intention of the parties, and will not be "invoked to the injury of an innocent third person." Jefferson Standard Life Ins. Co. v. Brunson, 226 Ala. 17, 145 So. 156; A. M. Robinson Co. v. Anniston Land Co., supra; Cobbs v. Norville, 227 Ala. 621, 151 So. 576.

■ These rules will not permit a mortgagor to contract with a second mortgagee and improve the property to the prejudice of the first mortgagee.

■■ We are of opinion, and so hold, that the trial court was in error in according

Carroll relief under his cross-bill and thus giving superiority to his second mortgage over the first mortgage given by complainant, W. E. H. Stephens, to his father, H. H. Stephens, and are of opinion that he was not entitled to a solicitor's fee in the cause, to be paid out of the proceeds of the sale of the land to the prejudice of respondent appellants.

We are further of opinion that the court properly denied relief to the original complainant, W. E. H. Stephens.

■ We think the better practice in a case like this, is to render a personal decree against the mortgagor for the amount of the debt, to order a sale of the property for the satisfaction thereof, and to withhold the execution until the mortgaged property is sold, and a deficiency, if there be any, ascertained in amount. Section 6652, Code; McCall v. Rogers, 77 Ala. 349; Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809.

The cause is reversed and remanded that a due accounting be had before the register to ascertain the priorities and amounts of the respective liens, rights, and interests of the several joint owners. The costs of this appeal are taxed against John U. Carroll, the appellee.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.