168 So. 428

**DRUMMOND et al. v. DRUMMOND et al.**

**6 Div. 953.**

Supreme Court of Alabama.

May 21, 1936.

J. J. Curtis, of Jasper, for appellants.

402

J. B. Powell, of Jasper, for appellees.

THOMAS, Justice.

This appeal is from a decree overruling the demurrer to the bill in equity.

The bill alleges that a suit was filed against I. F. Drummond by Josephine Drummond, as administratrix of the estate of Sam Drummond (killed by I. F. Drummond), which resulted in a judgment for plaintiff. On appeal to this court (Drummond v. Drummond, 212 Ala. 242, 102 So. 112), with supersedeas bond by W. A. Drummond, John T. Banks, and L. A. Myers, ancestors of other of the complainants here, as sureties, the judgment was affirmed and rehearing denied on November 27, 1924. Execution was issued thereon, and the real estate described as the property of I. F. Drummond was levied upon and advertised for sale.

It is further alleged in the bill that complainants W. A. Drummond, John T. Banks, and L. A. Myers secured a loan from the Protective Life Insurance Company for $6,000 for the purpose of discharging such judgment and costs, and did pay said judgment and costs with the money so borrowed; that the loan was secured by a mortgage on real estate, the properties of these sureties. It is averred as to this, "that in order to secure the said loan from the said Protective Life Insurance Company the said W. A. Drummond, John T. Banks, deceased, and L. A. Myers, deceased, executed to the said Protective Life Insurance Company, a mortgage on their own real estate. Complainants further allege that in order to secure the said W. A. Drummond, John T. Banks, deceased, and L. A. Myers, deceased, the said I. F. (Freeman) Drummond executed to them a mortgage to secure them against any loss which they might sustain for and on account of paying off said judgment and borrowing said money for [from] the said Protective Life Insurance Company for the purpose of paying said judgment, the said mortgage being executed on, to-wit, the 2nd day of May, 1929"; that the defendant in judgment failed to pay and discharge the mortgage indebtedness to the Protective Life Insurance Company for the moneys so borrowed and paid; that said mortgage given by complainants and cosureties was foreclosed and the indebtedness of I. F. Drummond satisfied by that foreclosure; that "these complainants were forced to pay off and satisfy said mortgage of, to-wit, $6,000.00 with interest and cost of foreclosure, and that the estate of I. F. Drummond is due to these complainants the sum of to-wit, $6,500.00, on account of them having to pay off said mortgage and to satisfy said mortgage, and the loan secured thereby, which loan was to pay off the judgment as hereinabove referred to of the said I. F. Drummond. * * * Complainants further allege that the said judgment against the said I. F. (Freeman) Drummond, de-

ceased, was no part of their debt; that it was a debt of the said I. F. (Freeman) Drummond entirely and that they were merely sureties on the said supersedeas bond and paid off the said judgment as sureties on the said supersedeas bond, and thereby became entitled to be reimbursed out of any or all of the property owned by the said I. F. (Freeman) Drummond, and were entitled to have any and all of the property owned by the said I. F. (Freeman) Drummond, deceased, sold, and upon the payment of said judgment became subrogated to all the rights of the plaintiff to any lien that the plaintiff might have against any property owned by the defendant, the said I. F. (Freeman) Drummond, deceased."

It is further alleged "that said I. F. Drummond conveyed or attempted to convey to his wife substantially, if not all, of the property owned by him at said time. * * * that there was no consideration for said deed to his said wife; that the said consideration therein named was simulated and fictitious; that the said conveyance was voluntary and without valuable consideration; that the said conveyance was executed with the intent to hinder, delay or defraud the plaintiff, Josephine Drummond, as administratrix, in the said suit in the collection of any judgment which she might recover against him; and that the said deed is therefore void as against these complainants and should be so declared; * * * that there was no consideration passed from the grantee to the grantor of said conveyance by I. F. Drummond to his wife, Pearl Drummond, but that the same was voluntary and without consideration and executed after the said Josephine Drummond as administratrix filed the said suit against the said I. F. Drummond; * * * that the said conveyance is therefore void as against them or as against the judgment which was paid off by W. A. Drummond, John T. Banks, deceased, and L. A. Myers, deceased."

The complaint, the supersedeas bond, judgment, execution and levy, and the deed to the wife by I. F. Drummond in the former suit are exhibited in aid of the bill. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90. The prayer of the bill is for subrogation, cancellation of the deed, and foreclosure of the mortgage of I. F. Drummond to complainants.

The authorities on subrogation have been recently collected in Berry et al. v. Bankers Mortgage Building & Loan Association, ante, p. 395, 168 So. 427, and Strickland ct al. v. Carroll, 228 Ala. 498, 154 So. 109.

It is insisted by appellants that the statute of limitations as to actions and laches may be raised by demurrer when the bill shows on its face that the cause of action is barred by the statute of limitations or is offensive to the equity rules of staleness of demands. Such is the effect of our decisions. Wood v. Master Schools, Inc., et al., 221 Ala. 645, 130 So. 178; Lovelace v. Hutchinson, 106 Ala. 417, 17 So. 623.

The statute of limitations applies by special provision of statute to courts of equity, as well as to courts of law in the cases indicated in chapter 315, article 2, § 8955, Code. And actions for recovery of lands, etc., are by the statute barred in ten years, section 8943, unless extended by contract or special circumstances that may be applied. Section 8966, Code; Gill v. More et al., 200 Ala. 511, 76 So. 453.

A bill to set aside a fraudulent conveyance is held to be a suit for the recovery of land, and, in the absence of special circumstances, is governed by the ten-year statute of limitations. Van Ingin v. Duffin et al., 158 Ala. 318, 48 So. 507, 132 Am. St.Rep. 29.

Unless there are special circumstances avoiding laches (in equity) or the period of limitations, the rules apply and such special circumstances must be averred and proved. Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; Woodlawn Realty & Development Co. v. Hawkins et al., 186 Ala. 234, 65 So. 183; Gayle et al. v. Pennington, 185 Ala. 53, 64 So. 572.

The averments of the bill will be aided by the several exhibits made a part thereof; and the rule for testing a demurrer—that the pleading challenged will be construed as to its averments most strongly against the pleader—will be applied. The bill was filed on April 10, 1935. The averments of the several documents exhibited and dates of material facts are that the suit against I. F. Drummond by Josephine Drummond as administratrix of the estate of Sam Drummond, deceased, was brought on September 9, 1921, and judgment rendered therein against the defendant on October 2, 1923; the supersedeas bond executed and filed and suspension of judgment pending appeal to this court of date of October 23, 1924; and the judgment of af-

firmance rendered here in Drummond v. Drummond, 212 Ala. 242, 102 So. 112, on October 23, 1924; rehearing denied November 27, 1924. The supersedeas bond exhibited is of date of December 8 and approved December 10, 1923.

The conveyance to the wife, reciting a consideration of $1, is alleged to have been made without consideration to defeat such judgment as might have been obtained in the foregoing suit for damages; was of date of September 10, 1921, one day after the suit for damages was filed in the circuit court. Execution of levy on the judgment for $5,922.08 was issued on October 23, 1924, and returned on February 9, 1925. The conveyance to secure the loan required and used in payment of that judgment was of date of May 2, 1929.

The mortgage to the Protective Life Insurance Company by W. A. Drummond, John T. Banks (deceased), and L. A. Myers (deceased), sureties on the supersedeas bond, secured by the lands of said sureties, was recorded in the office of the probate judge on May 2, 1929, and the consideration thereof ($6,000) was obtained and required that the judgment and execution lien be discharged. It is averred as to that payment that the mortgagor, I. F. Drummond, the judgment debtor, failed to hold the sureties harmless as he had obligated to do; that is to say, the bill, with some prolixity, avers the facts from the initial suit under the homicide statute of date of September 9, 1921, to the filing of this bill on April 10, 1935. That pleading sufficiently states the facts out of which arose the suretyship, the discharge thereof by the sureties, and the fraudulent conveyance in question made by the mortgagor and judgment debtor to his wife. The facts are fully stated to show fraud in the execution of the deed. Moody et al. v. Moody et al., 216 Ala. 156, 112 So. 752. The averments of the bill show that the husband and wife did not treat the deed as binding, and that there was no change of possession; the husband holding uninterrupted possession of his lands to and at the time he gave the sureties the mortgage in 1929.

It is decided by this court that the accrual of a cause of action arising out of contribution on suretyship or cosuretyship, and the right of protection against a voluntary and fraudulent conveyance affecting the same, is of the date of the discharge of the common obligation. Washington, Adm'r, v. Norwood, 128 Ala. 383, 396, 30 So. 405; Cortner et al. v. Anderson, Clayton & Co. et al., 225 Ala. 575, 144 So. 443. Contribution is decided on principles of equity and justice, and relief is granted on the grounds of an implied contract arising out of an equitable obligation. Douglass v. Orman et al., 218 Ala. 563, 119 So. 605.

It is urged that the bill fails to aver when the moneys for the payment of the judgment and discharge of the execution lien were obtained by the mortgage to the Protective Life Insurance Company, or when the payment of these moneys was made and the lien of the judgment and execution discharged. We understand the averments of the bill to be that I. F. Drummond did not join in this mortgage to the Protective Life Insurance Company by his sureties, but sought to secure its payment by him as principal by mortgaging his own lands to such sureties on May 2, 1929. It is insisted that the lands were not his by reason of his previous deed to his wife, Pearl Drummond. It is averred that the consideration named in the conveyance from Drummond to his wife was simulated, fraudulent, and void as against the suretyship and liability sought to be avoided thereby. Washington, Adm'r, v. Norwood, 128 Ala. 383, 388, 389, 30 So. 405.

It will be necessary to again advert to the pleading and its exhibits. In the mortgage by I. F. Drummond to W. A. Drummond, John T. Banks, and L. A. Myers, the suretyship, judgment in that cause, discharge of the liens of the judgment, and execution by the sureties and mortgagees are set forth as follows: " * * * Whereas the said defendant appealed said case to the Supreme Court and L. A. Myers, W. A. Drummond and John T. Banks as sureties made a supersedeas bond in said case, and whereas the Supreme Court affirmed the same, and whereas it became necessary for the said L. A. Myers, W. A. Drummond and John T. Banks to pay off said judgment and discharge the same; and in doing so it was necessary for them to borrow the money from the Protective Life Insurance Company and to execute a mortgage upon their own property to secure the same, and whereas said mortgage was in the sum of six thousand dollars; now therefore in consideration of the premises and in order to secure the said W. A. Drummond, L. A. Myers, and John T. Banks against any loss on their part in the payment of said mortgage in-

debtedness to the said Protective Life Insurance Company, I, I. F. Drummond, do hereby grant, bargain, sell and convey to the said L. A. Myers, W. A. Drummond and John T. Banks, their heirs, administrators or assigns all my right, title and interest in and to the following real estate."

The property is sufficiently described in the mortgage by government subdivisions, and the condition of payment by the principal, I. F. Drummond, and failure thereof duly contained in the habendum clause of the deed. The averments of the bill as to the deed in question and the respects now pertinent are: "I. F. Drummond and his wife, Pearl Drummond, never did recognize the said deed from the said I. F. Drummond to his wife, Pearl Drummond, as binding on him; that the said I. F. Drummond and the sureties on the supersedeas bond in the appeal of the case as hereinabove mentioned, did not recognize the said deed as binding but considered the same as being of no effect and not binding and of being void, but that said deed was never declared void by a proper judgment or decree of a court having jurisdiction thereof, but remained on the record as a cloud upon the title of the said property described therein while in fact the same was void and was recognized as being void by the said I. F. (Freeman) Drummond and his wife, Pearl Drummond, and by the said sureties and on said supersedeas bond."

The heirs and distributees of Pearl and I. F. (Freeman) Drummond are made parties defendant.

■■ The averments of the deed being, in effect, that it was mere colorable, the title, use, and benefit were secretly reserved to I. F. (Freeman) Drummond. This is shown and recognized by him in his mortgage in 1929 to the sureties. The ten-year statute of limitations as to real actions and the statute of adverse possession are to the same end and purpose. The averments of this bill are that neither I. F. Drummond nor his wife ever recognized the deed as anything more than a cloak to cover up the true ownership of the land, and to avoid its responsibility to judgment and execution in the suit by the administratrix of Sam Drummond, deceased; that the husband and owner never surrendered possession, but retained the same during the period of the litigation which questioned his liability for the homicide. He secured and had the active help and suretyship of complainants in that defense and in the required payment and discharge of judgment and execution made effective by statute against his own lands. He recognized his due responsibility therefor in his conduct and the giving of the indemnity mortgage to such sureties in 1929 after his wife's death.

We are of the opinion, and so hold, that there was no error in overruling the demurrer to the complaint as a whole.

There was no error in overruling the demurrer directed to the phase of the bill seeking to foreclose the mortgage by I. F. Drummond to W. A. Drummond, John T. Banks, and L. A. Myers, on May 9, 1929, after setting aside the deed from said mortgagor to his wife, establishing the title in the mortgagor and removing that cloud therefrom.

■ A court of equity, having taken jurisdiction, had the power to settle the whole controversy between the several parties growing out of the one subject-matter—the several tracts of land described, or such parts thereof as were found necessary to sell to discharge the superior liens and obligations assumed and paid, and to which rights complainants acceded by the rule of subrogation and by contract of the parties, and as to contribution among the parties. Scott v. McGriff, 222 Ala. 344, 132 So. 177; Douglass v. Orman et al., 218 Ala. 563, 119 So. 605.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.