SHORES, Justice.
This is an appeal from a dismissal of a petition to set aside a deed.
Eliza Waldrep and Oscar Hughes were married in November of 1970, within a month of their first meeting. Mrs. Hughes was born in 1905; Mr. Hughes was born in 1888. He died at age ninety-three in 1982. Three days prior to the wedding, Mr. Hughes executed a warranty deed of all his land, except twenty-two acres and the home situated thereon, to his two living children and two grandchildren, children of his deceased child. He delivered the deed to his son Clifton Hughes on the day of the wedding. None of the children or grandchildren, grantees in the deed, knew about the wedding until after it had taken place.
About six weeks following the wedding, Mr. Hughes told his wife that he had deeded the property to his children and grandchildren. She did nothing at the time to protest the action. In fact, during the trial of this case, she stated that she would have married Mr. Hughes even if she had known of the conveyance before the wedding.
By his will, Mr. Hughes left Mrs. Hughes $10,000. She did not contest the will. She subsequently filed this suit to set aside the deed executed prior to the marriage, alleging that the deed was executed without consideration with the intent of *679 fraudulently defeating or preventing her rights of dower and homestead from attaching to the land conveyed.
The case was tried on May 19, 1983, and the court rendered judgment denying the relief sought in the complaint. We affirm.
It is the rule in Alabama that the conveyance of land by a man, executed in contemplation of marriage, without consideration, without the knowledge or consent of the intended wife, and executed with the intention of preventing her rights of dower and homestead from attaching to the lands conveyed, is a fraud upon her rights, against which equity will grant relief. McBee v. McBee, 265 Ala. 414, 92 So.2d 675 (1956); Dorrough v. Grove, 257 Ala. 609, 60 So.2d 342 (1952). The trial court found that no fraud was committed against Mrs. Hughes. Whether that finding is correct, we need not decide, since the trial court also found, and the evidence supports its finding, that Mrs. Hughes knew of the alleged fraudulent conveyance in 1970, six weeks after the marriage.
Section 6-2-3, Ala.Code 1975, establishes the statute of limitations for a cause of action based on fraud as one year from the date of the discovery of the fraud. The fraud is deemed discovered when it ought to have been discovered. Retail, Wholesale and Dept. Store Emp. Union, Local 453 v. McGriff 398 So.2d 249 (Ala.1981); Jefferson County Truck Growers Association v. Tanner, 341 So.2d 485 (Ala.1977).
If that statute controls, the time for filing an action based on the alleged fraud against her was within one year after that discovery, and the trial court correctly denied the relief sought.
If § 6-2-33, Ala.Code 1975, is the controlling provision of law, the action was also untimely under that statute. That section reads: “The following must be commenced within ten years: ... (2) Actions for the recovery of lands....”
This Court in Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507 (1909), held that a bill to avoid a fraudulent conveyance is subject to the statute of limitations of ten years, § 6-2-33, Ala.Code 1975. A suit to avoid a fraudulent conveyance is a suit to recover land. Drummond v. Drummond, 232 Ala. 401, 168 So. 428 (1936).
Mr. and Mrs. Hughes were married in November of 1970, and the deed was delivered to the grantees on the day of the wedding. This action was filed June 28, 1982, well beyond the statutory ten years within which to file an action to recover property.
Because the action is time barred regardless of which statute is applied, we do not review the trial court’s conclusion that no fraud was committed against Mrs. Hughes. The time within which to file her complaint has expired. The trial court was correct in its denial of her petition.
Therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.