JONES, Justice
(concurring specially).
I concur in the opinion to affirm the trial court’s judgment based upon the appellees’ claim of adverse possession. I write separately to clarify what I perceive to be a troublesome area of property law in this State. The problem is brought into focus, though not raised as a specific issue in this case, by the trial court’s reference in its final judgment to the 20-year prescription period, as opposed to the 10-year statutory period. I believe that much of the needless confusion relating to the two distinct periods of limitations applicable to adverse possession claims can be eliminated by an analysis of Code 1975, § 6-5-200; § 35-3-1 et seq.; and § 6-2-33(2).
Initially, it is clear that § 6-5-200 proceeds on the premise that, according to common law, the prescription period of 20 years applies generally to claims of adverse possession. Proceeding on this premise, the statute effects a modification of the common law rule in several particulars: A party can claim adverse possession to confer or defeat title if the party shows that 1) a deed or other color of title has been recorded for 10 years; 2) he or she has listed the property for taxation for 10 years; or 3) he or she claims title by descent cast or by devise from a predecessor in title who was in possession of the land. Thus, § 6 — 5—200(a)(1), (2), and (3) prescribe three separate sets of circumstances (deed or color of title, payment of taxes, and descent cast or devise from one in possession) that permit adverse possession to confer or defeat title to land. Further, a party who qualifies under subsections (a)(1) and (2) is provided a statutory period of limitations of 10 years.
The pertinent language of subsection (c) reads as follows: “This section shall not be construed ... to affect cases involving a question as to boundaries between coterminous owners.” According to the clear express terms of the statute, the entire section leaves unaffected “cases involving a question as to boundaries between coterminous owners.” In other words, § 6-5-200 is not available to either confer or defeat title involving a boundary line dispute between adjoining landowners, even if the party claiming adverse possession qualifies under subsections (a)(1) or (2); nor must coterminous parties, seeking to resolve a boundary line dispute, meet the prerequisites of § 6-5-200.
Typical of our case law construction is the following language found in Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964):
“Section 828, Title 7, Code of Alabama 1940 [the predecessor of § 6-5-200], our adverse possession statute, specifically provides that it does not apply to cases involving a question as to boundaries between coterminous owners. The three alternative prerequisites set forth in [§ 6-5-200], that is, (1) a deed or other color of title duly recorded for ten years; or, (2) annual listing of the land for taxation in the proper court for ten years, if the land is subject to taxation; or, (3) title by descent cast or devise from a predecessor in title who was in possession of the land, are therefore not necessary to sustain a claim to title by a coterminous owner.
[[Image here]]
“Section [6-5-200], however, relieves a coterminous adverse claimant of these three alternative conditions, though uri-der a long line of decisions he may yet acquire title by the exercise of adverse possession for a period of ten years up to *436 the disputed boundary line. McNeil v. Hadden, [261 Ala. 691, 76 So.2d 160 (1954)].”
Lay v. Phillips, 276 Ala. at 276-77, 161 So.2d at 480-81.
At first blush, it may appear that the Court has construed § 6-5-200 so that it does “affect cases involving a question as to boundaries between coterminous owners” to the extent of applying the 10-year period of limitations, but not to the extent of requiring either a deed or color of title or the payment of taxes. Can it be said, then, that the Court has correctly heeded the “shall not be construed to affect [boundary disputes] between coterminous owners” language so as not to require compliance with subsections (a)(1) and (2), but that it has incorrectly failed to observe the same language with respect to invoking the 10-year period of limitations?
While it is true that our cases have not always clearly indicated the appropriate source of the statutory 10-year adverse possession period in boundary line cases between coterminous owners, it is not true that the Court has incorrectly applied the 10-year rule in such cases. The statutory procedure for determining disputed boundaries between coterminous owners is found in § 35-3-1 et seq.; and the applicable period of limitations is found in the general statute of limitations on actions, § 6-2-33(2). See, also, Drummond v. Drummond, 232 Ala. 401, 168 So. 428 (1986). I believe that the proper reference to the applicable statutes will serve to minimize the confusion in adverse possession cases.
HOUSTON, J., concurs.