# Van Ingin *v.* Duffin, *et al.*

*Bill to Annul Deed as Fraud on Creditors and to Subject Property.*

(Decided Jan. 14, 1909. Rehearing denied Feb. 5, 1909.
48 South. 507.)

1. *Pleading; Demurrer; Limitation of Action.*—Where the bill shows on its face that the cause of action is prima facie barred by the statute of limitations, or offensive to the equity rules of staleness of demand, this fact may be taken advantage of by demurrer.

2. *Limitation of Action; Bill to Set Aside Fraudulent Conveyance.*—The fact that the bill to set aside a conveyance as fraudulent did not show that the grantee thereunder had held adverse possession was not essential to a prima facie showing by the bill that the suit was barred.

[Van Ingin v. Duffin, et al.]

3. *Same.*—A bill to avoid a fraudulent conveyance of land is a suit for the recovery of land and is governed by the statute of limitation.

4. *Same.*—The execution of the conveyance made for the purpose of defrauding creditors, and made after the maturity of the debt, marks the accrual of the cause of action, and after ten years from the making of such a deed a creditor's suit to avoid the same is barred under sections 4832 and 4834, paragraph 2, Code 1907.

5. *Same.*—One suing to avoid a fraudulent conveyance after the lapse of the statute of limitation, cannot rely upon the mere fact that he did not discover the fraud until just before the suit, for the purpose of invoking the exception to the statute provided in section 4852, Code 1907, since there must be some act calculated to mislead or to deceive or to stop inquiry before the exception can be invoked.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Edward H. VanIngen against P. J. Duffin, and others to set aside certain conveyances as a fraud on creditors. From a decree for respondents complainants appeal. Affirmed.

TOMLINSON & McCULLOUGH, for appellant. Laches begins to run in cases of fraud not from the time of the perpetration of the fraud, but from the time of the discovery of the fraud.—*McIntyre v. Prior*, 173 U. S. 53; 143 U. S. 224; 112 Fed. 906; 100 Fed. 520; 55 N. E. 192; 25 S. W. 719; 52 N. E. 209; 37 N. E. 140; Sec. 4825, Code 1907. The defense could not be raised by demurrer, but should have been raised by plea.—*O'Neal r. Seiras*, 85 Ala. 80. The recording of the instrument did not operate as notice of fraud.—*McCarty v. McCarty*, 74 Ala. 546.

ARTHUR L. BROWN, for appellee. The bill shows that the right sought to be enforced is barred by the statute of ten years.—*Washington r. Norwood*, 128 Ala. 383; *Scruggs v. Land Co.*, 86 Ala. 173. The bill fails to bring the complainant within the exception to the statutes in

regard to discovery of fraud.—Authorities supra.—*Tillison v. Ewing,* 91 Ala. 467; *Duncan v. Williams,* 89 Ala. 341.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellees, and seeks to set aside certain conveyances of lands executed to said defendant Elizabeth Duffin, respectively, dated September 25, 1891, April 8, 1896, March 1, 1898, August 25, 1898, and May 20, 1898, and to subject the property therein conveyed to a debt due the complainant January 12, 1889, and reduced to judgment on February 29, 1892, claiming that said lands so conveyed to said Elizabeth Duffin were paid for by her husband, said defendant P. J. Duffin. A demurrer was interposed to said bill, setting up the statute of limitations of 10 years, and the staleness of the demand; also additional demurrers, that the bill is without equity, and to the ninth section because it does not show any effort to discover the fraud, and mere ignorance will not excuse him; also, that no fraudulent concealment of facts is shown.

It is settled by the decisions of this state that the statute of limitations may be set up in equity by demurrer where the bill shows that the cause of action stated in the bill is prima facie within the bar of the statute of limitations or offensive to the rules which courts of equity adopt for the discouragement of stale demands.—*Lovelace v. Hutchinson,* 106 Ala. 418, 424, 17 South. 623.

Appellants insists that it is not apparent on the face of the bill in this case that the cause of action is prima facie within the bar of the statute, because the bill does not allege that the defendant Elizabeth Duffin is and has been for the time required in the adverse possession

of the lands in question. It is not a question of adverse possession. A bill to set aside a fraudulent conveyance is a suit for the recovery of land and governed by the statute of limitations.—*Washington, Adm'r, v. Norweed,* 128 Ala. 383, 30 South. 405. The statute provides that actions for the recovery of lands must be commenced within ten years "after the cause of action has accrued." —Code 1907, §§ 4832, 4834, par. 2. The plaintiff's claim was due and payable before the execution of any of these conveyances, and consequently his "cause of action —to move against said conveyances—accrued at the time the conveyances were made, the latest one of them being May 20, 1898, and the bill in this case was filed September 25, 1908.

The case of *Washington, Adm'r, v. Norwood, supra,* does not conflict with this conclusion. On the contrary, the point decided in that case is that, where a party was surety on a bond, his "cause of action" did not accrue until the breach of the bond, and, notwithstanding the adverse possession of the land, the statute of limitations did not commence to run against him until by the breach of the bond his cause of action accrued. In other words, in both cases the decision is that the cause of action accrues at the time when the party could file his bill to set aside the fraudulent conveyance, and the statute of limitations commences to run then. The bill alleges that the complainant has continuously resided in the state of New York, and that he did not discover the fraudulent acts committed by respondents until August 1, 1908, although the conveyances sought to be set aside were duly recorded in the probate judge's office in Jefferson county, Ala. The notice effected by the registration statute is operative alike on residents and non-residents; but he insists, further, that the decisions on the question of the statute of limitations not

21—8

[Van Ingin v. Duffin, et al.]

commencing to run apply to his case, so that the statute would not commence to run until the facts constituting the fraud were actually brought to his knowledge.

The Code provides that: "In actions seeking relief on the ground of fraud, where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the facts constituting the fraud, after which he must have one year within which to prosecute his suit."— Code 1907, § 4852. Our decisions are that "ignorance of right, there being no more than mere passiveness, mere silence, on the part of his adversary, cannot be ingrafted as an exception on the statute of limitations, without a destruction of its wise policy, and without an encouragement of mere negligence.   *   *   *   In the absence of fiduciary relation between the parties, imposing the moral and legal duty to disclose, there must be some act or conduct calculated to mislead or deceive or to lull inquiry."—*Tillison v. Ewing,* 91 Ala. 467, 468. 8 South. 404; *Underhill, Rec'r, v. Mobile Fire Department Ins. Co.,* 67 Ala. 45, 51; *Martin v. Br. Bank at Decatur,* 31 Ala. 115, 122.

The complainant has not brought himself within the terms of the exception.

The decree of the court is affirmed.

HARALSON, ANDERSON, and DENSON, JJ., concur.