126 So.2d 217

Noah HALL et al.

v.

Betty Fay Hall HULSEY.

8 Div. 54.

Supreme Court of Alabama.

Jan. 12, 1961.

Lusk & Lusk, Guntersville, for appellants.

Clark E. Johnson, Jr., Albertville, for appellee.

MERRILL, Justice.

Appeal from a final decree granting relief to appellee in quieting title to 14.2 acres, and dismissing appellant's cross-bill.

Appellee, Betty Hall Hulsey, filed her bill of complaint against appellants, children of her father by a first marriage, and against her mother, the second wife of her father, who had since married again.

The bill alleged that on May 24, 1939, appellee's father, J. S. Hall, executed a deed to the 14.2 acres to his wife Bertha for her widowed life and remainder to any child or children of Bertha Hall, and in case there were no children to his children by his first marriage. At the time this deed was executed, Bertha was pregnant with appellee and J. S. Hall had knowledge of this fact. The recorded deed is made an exhibit to the bill.

It was alleged that J. S. Hall had already distributed the greater part of his estate to his children of the first marriage; that he died on February 5, 1944, and his wife Bertha took possession of the property and remained in possession until her remarriage in 1954, at which time, appellee took possession and has had undisputed possession ever since, and that one or more of the defendants "is or may be claiming an interest in and to said property."

All of the respondents except Bertha Hall answered, alleging that Bertha was not the lawful wife of J. S. Hall, but had been married to one Alford Weaver of Florida, and that Bertha Hall had fraudulently concealed this fact from her husband. The answer was made a cross-bill, and the prayer of the cross-bill was that the deed be declared void and the land be sold for division among the joint owners.

Appellee answered the cross-bill alleging that her mother and she had held the land adversely to appellants in excess of ten years since 1944; that when her mother had remarried, appellee held the property as her own; that her mother and she had paid taxes on the property since 1944; and even if the allegations of fraud were true, that appellants had knowledge of the fraud for more than one year prior to the commencement of their suit.

The trial court found from the evidence that Bertha Hall had married Weaver in Florida in 1936, and that they were never divorced; that J. S. Hall had no knowledge of Bertha's inability to contract marriage; that he did make the deed in 1939; that appellee was born a few months after the deed was executed and was the only child of J. S. and Bertha Hall; that J.

S. Hall died in 1944; that Bertha went into possession and remained in possession of the land until her remarriage about ten years later and that appellee had been in possession since that time. The court also found that appellants first learned of Bertha's inability to contract marriage in the summer of 1957, "no later than August, 1957." In brief, appellants take no issue with the findings of fact, asserting "that only questions of law are now involved."

The court held that the statute of limitations of ten years had run and that the appellants had not filed their suit within one year after they discovered the fraud.

Title 7, § 42, Code 1940, provides:

> "In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

Appellants' main contention is that the court erred in applying the statute of limitations and Tit. 7, § 42, supra. It is argued since neither appellee "nor her mother Bertha Hall had ever repudiated the deed or asserted any right or title except through that deed," and the undisputed evidence "showed that defendants and cross-complainants first learned of Bertha's fraud in 1957, and filed their cross-bill on December 1, 1958, they were not barred by the Statute of Limitations of ten years, and Code Title 7, Section 42 had no application."

Appellants argue that there could be no adverse possession on the part of Bertha Hall or appellee because of the absence of the element of hostility; and that no statute of limitations could begin to run until they discovered the fraud in 1957.

We cannot agree with appellants' contention. This is not a case where the widow has a life estate in the homestead with remainder to the children. Here the conveyance was by deed, a life estate for Bertha until she remarried, with remainder to appellee, then unborn. Had appellee never been born, appellants would have received the remainder, but appellee's birth and continued life terminated appellants' claim to the property under the deed. The death of J. S. Hall terminated any right belonging to him to have the deed set aside. There is evidence that appellants knew about the deed and did not like it, but they took no steps to do anything about it until nineteen years after its execution and fourteen years after the death of their father.

A bill to set aside a deed to land in the grantee's possession for fraud is a suit to recover land and is controlled by the ten year statute of limitations, Tit. 7, § 20, Code 1940. Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776.

In a suit to set aside a fraudulent conveyance after the expiration of ten years from the time of the conveyance, the burden is upon the party asserting the fraud to allege and prove any special circumstances existing which would prevent the running of the statute of limitations. Drummond v. Drummond, 232 Ala. 401, 168 So. 428; Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507.

It is not necessary that we decide whether the statute began to run at the time the deed was executed and recorded in 1939, or at the birth of appellee, or at the death of the grantor in 1944. Either date was more than thirteen years prior to the commencement of the present suit in October, 1958.

At J. S. Hall's death in 1944, Bertha Hall and appellee claimed the land under the recorded deed, of which appellants had knowledge. Their possession was actual, exclusive, open, notorious, continuous and hostile to appellants. Also, there was no fiduciary or confidential relationship between appellants and appellee or her mother.

The fact that appellants did not know that Bertha Hall, the widow, had been in-

capable of contracting marriage did not toll the running of the statute. As stated in a case similar to the instant cause, Scruggs v. Decatur Mineral & Land Company, 86 Ala. 173, 5 So. 440, 443: "But mere ignorance of right, without excusing or explaining its unreasonable continuance, is insufficient." The statute of limitations of ten years had run by 1954.

Appellants' argument is based principally upon a statement in Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73, 81, which reads:

"* * * The authorities hold that it (the statute of limitations) begins to run when the possession becomes inconsistent and antagonistic to the rights and claims of complainants, in such manner as to carry notice of it, and when complainants have the immediate right to assert their claim. * * *"

The possession taken under the deed by Bertha Hall and appellee when J. S. Hall died was antagonistic and inconsistent with the rights and claims of appellants. They had notice of the recorded deed, knew that appellee and her mother claimed the property, and they, appellants, had the immediate right to assert such claims as they might have. The statute of limitations had begun to run and no reason was given to excuse their ignorance of Bertha's fraud.

But Tit. 7, § 42, supra, gave appellants one year after their discovery of the fraud, which was "not later than August, 1957." However, they still waited more than one year before taking any steps to set the deed aside. Their failure to act within the additional one year period from August, 1957, barred them from recovery under the cross-bill. It was properly dismissed. Tit. 7, § 42, Code 1940; Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; Quick v. McDonald, 214 Ala. 587, 108 So. 529.

No reversible error is shown in the argued assignments of error, and the decree is due to be affirmed.

What we have said in this opinion is in response to the issues raised, the decree appealed from and arguments made in brief of appellants. We are not to be understood, however, as holding that Bertha Hall's fraud upon J. S. Hall could have been imputed to appellee under the facts here.

Appellee was the child of J. S. Hall, he so acknowledged her during his lifetime, and made provision in the deed that the fee-simple title should be in her. And appellee did not participate in any fraud, did not authorize it, did nothing to mislead, deceive or lull anyone into repose. The fraud of her mother, Bertha, could have affected Bertha's enjoyment of the life estate, but could not affect appellee's title.

Dorsey v. Dorsey, 259 Ala. 220, 66 So. 2d 135, 139, is similar to the instant case. There, the second wife had been married previously and had not secured a divorce. The husband made a deed to her and the only child by this abortive second marriage. The husband filed a bill to set aside the half interest of the mother because she had not been competent to enter into a legal marriage. He died before the final disposition of the cause and it was then prosecuted by his heirs at law. The trial court held that the deed should be declared invalid as to the one-half interest of the mother, "but the complainant does not ask that the half interest of this child, Eddie Mae Dorsey, be taken from her, and I do not think such should occur."

No point was made of this feature of the case on appeal and no decision on it was required when we affirmed the decree of the trial court.

The instant cause was evidently tried on the theory that the action was brought too late after the discovery of the fraud and the authorities support the holding of the trial court in that respect.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.