222 So.2d 725

Robert L. DONALDSON

v.

Allie B. WILLIAMS.

6 Div. 677.

Supreme Court of Alabama.

April 17, 1969.

Rehearing Denied May 29, 1969.

Alice L. Anderson, Enterprise, for appellant.

Nolen & Enslen, Fayette, for appellee.

BLOODWORTH, Justice.

Appellant Donaldson (complainant below) appeals from a decree of the circuit court of Fayette County, in equity, dismissing his bill of complaint.

The facts of the case, as disclosed by the pleadings, are that on June 16, 1960, William Clinton Williams, deceased husband of appellee Mrs. Williams (respondent below), and Donaldson were in an automobile accident in Pickens County, Alabama. Mr. Williams was instantly killed in the accident. On September 20, 1960, Mrs. Williams filed a petition in the circuit court of Fayette County, Alabama "seeking to reform and remake a deed" she alleges was executed and delivered to her by her husband, William Clinton Williams, on January 12, 1954, but which was lost or misplaced. The deed conveyed eighty acres of land in Fayette County, Alabama.

On the next day, September 21, 1960, the circuit court of Fayette County entered a decree finding and affirming "said lost or destroyed deed in its contents and tenor as placing title in the Complainant (Mrs. Allie B. Williams), at that time and said lost or destroyed deed is hereby approved by this Court * * *." The court ordered the deed to be recorded and it was recorded in the office of the judge of probate of Fayette County, Alabama, September 27, 1960.

On October 13, 1960, Donaldson filed a claim in the office of the judge of probate of Fayette County, Alabama, against the estate of the deceased for $50,000, claiming damages for personal injuries suffered by him in the accident of June 16, 1960, proximately caused by the negligence or wanton conduct of the deceased. On July 23, 1962, Donaldson recovered judgment of Mrs. Williams, as administratrix of the estate of the deceased in the amount of $15,000 and costs.

On January 9, 1967, Donaldson filed his bill of complaint in this cause alleging essentially the facts above set forth, and further that he was a creditor of the deceased's estate on September 27, 1960, the date the deed was filed. He says that on the date of the accident the deceased was the owner of the eighty-acre tract of land; that Mrs. Williams fraudulently alleged the deed was made and delivered to her by the deceased so as to hinder, delay and defraud the creditors of the deceased; that the same is null and void, and should be set aside and held for naught.

Mrs. Williams filed a plea to the bill claiming that Donaldson is guilty of laches and his suit barred by the statute of limitations. This plea was submitted to the court to test its legal sufficiency, and the court below rendered a decree on July 31, 1968, holding the plea to be good and decreeing that the cause of action, having

**142**

become barred by the statute of limitations, should be dismissed. It is from this final decree that appellant appeals.

The question before us on this appeal is whether the court below was correct in dismissing the bill of complaint because it was barred by the statute of limitations. Both parties agree that this is a suit by a creditor to set aside a deed for fraud and that the ten year statute of limitations for the recovery of land applies. Section 20, Title 7, Code of Alabama 1940, as last amended; Washington, Adm'r v. Norwood, 128 Ala. 383, 30 So. 405; Hall v. Hulsey, 271 Ala. 576, 126 So.2d 217.

After a consideration of the authorities, we are of the opinion that the trial court was in error in dismissing the bill of complaint because suit was barred by the statute of limitations. It would appear from the allegations of the bill of complaint (though this is not clearly alleged) that the fraud was not discovered until the filing of the deed on September 27, 1960. At any rate, the appellant would have constructive notice of the filing of the deed for record at that time.

We are of the opinion that the ten years within which the bill could be filed did not begin to run until the discovery of the fraud, or when by the exercise of due diligence, the fraud might have been discovered. Moss v. Davitt, 255 Ala. 513, 52 So. 2d 515. In view of this holding, we need not decide whether the establishment of the lost deed relates back to the date of its execution.

Only the one issue is raised, and therefore only the one issue is treated in this opinion. Though Mrs. Williams does mention in brief laches "comes into play," no cases are cited, nor is any argument made with reference thereto. We do not consider it an issue on this appeal.

This cause is therefore due to be reversed and remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.