JONES, Justice.
This case, filed November 17, 1976, arose over a dispute between a mother (Lena F. Davidson, Plaintiff) and her son and daughter-in-law (Guy Davidson and wife, Geraldine B. Davidson, Defendants), concerning the ownership of approximately 882 acres of land, the record title of which was taken January 27, 1947, in the names of W. T. Davidson (Lena’s husband, deceased), Lena Davidson, Guy Davidson and Geraldine B. Davidson, as tenants in common.
In 1952, Guy and his father, W. T. Davidson, entered into a partnership to operate a dairy farm on the purchased land. W. T. Davidson died in 1953, leaving all of his property to his wife, Lena, Plaintiff. Plaintiff, who then possessed a one-half interest in the land, entered into a partnership with her son, Guy, to continue the dairy operation. In 1962, the partnership was dissolved and Plaintiff made a gift by warranty deed of her one-half interest in the land to her two sons, Guy and Ray, giving each an undivided one-fourth interest and reserving unto herself only the home place and 10 acres.
*655 Plaintiff’s suit challenges most of what transpired concerning the land since its purchase in 1947. With respect to the original purchase, Plaintiff alleges that Defendants, Guy and his wife, did not pay their pro rata share of the down payment and seeks the imposition of a constructive or resulting trust with respect to a 25% interest in the land. Plaintiff also seeks an accounting of the two partnerships: that which existed between W. T. and Guy until W. T.’s death in 1953, and that which resulted subsequently between Plaintiff and her son until 1962. With respect to Plaintiff’s 1962 conveyance, she now alleges undue influence and seeks to have the conveyance set aside. She also asks for confirmation of her absolute fee simple ownership of the 10 acres whereon her home place is located. (The trial Court’s amended decree states: “ . . . Defendants admit that it was the intention of the parties that Lena F. Davidson have the full title to the ten (10) acres . . . .”)
The trial Court’s amended decree recognized Plaintiff’s absolute fee simple ownership to the 10 acres and also ordered an accounting of the partnership that existed between Plaintiff and her son, Guy, from 1953 to 1962.[1] With respect to the other relief sought by Plaintiff, the trial Court invoked the Statute of Limitations and the Doctrine of Laches as a bar to all aspects of the claim which sought to disturb title to the real property in question, and which sought an accounting of the partnership existing between W. T. and his son, Guy, which terminated in 1953. Plaintiff appeals.[2]
Two issues are presented:
1) Did the trial Court err in invoking the Statute of Limitations and/or Laches with respect to the 1947 conveyance?
2) Did the trial Court err in invoking the Statute of Limitations and/or Laches with respect to the 1962 conveyance?
We answer both questions in the negative; and we affirm. ■
Although the trial Judge made a specific finding that the mother’s claim as to both real estate transactions was barred by “the Doctrine of Laches and the Statute of Limitations,” if a finding favorable to the son and his wife as to the 1962 transaction is sustainable, we need not inquire further. That is to say, upon the record as here postured, if the mother’s 1962 conveyance of her entire interest in the subject property (less ten acres) is valid (or her claim of' invalidity is barred), her interest thereby conveyed subsumes all of the interest which she claims arising out of the 1947 transaction; and, thus, the 1947 transaction is beyond our inquiry.
Actions for recovery of lands, or the possession thereof, must be commenced within ten years after the cause of action has accrued. Ala.Code 1975, § 6-2-33(2). Plaintiff’s suit brought in 1976 to have her 1962 conveyance set aside was, therefore, well without the ten-year period of the statute. An exception exists, however, where relief is sought on the ground of fraud, in which case the claim is not considered as having accrued until discovery of the fraud by claimant, after which he has a year within which to bring suit. Ala.Code 1975, § 6-2-3; Hall v. Hulsey, 271 Ala. 576, 126 So.2d 127 (1961).
We turn; then, to the Appellant’s contention that she met the requisite burden of proving that her 1962 conveyance was the product of fraud and/or undue influence. A complete recital of the facts is not necessary for a ruling on this issue. Suffice it to say, the record reveals that on the same day the mother executed the 1962 deed she also executed a will devising all of her real property to her son, Ray, and expressly acknowledging that “ . . the only real estate which I now own is ten acres of land used as my home . ..” (Plain *656 tiff’s son Ray is not involved as a party to this litigation although he appeared as a witness respecting the 1962 transaction.)
She testified that the will was read to her by her attorney who prepared it and that she signed it voluntarily. Further, several neighbors and relatives testified that she talked to them shortly following the 1962 transaction and related the incident in which she had conveyed her interest in the subject property equally to her two sons, reserving in herself the 10-acre home place. Indeed, the only inference from the record relating to Mrs. Davidson’s discovery of the alleged fraud was her testimony that she did not realize she had conveyed all her interests except for 10 acres until she had an attorney examine the abstract of title in 1973 — more than three years before suit was instituted. Because the record is replete with evidence to sustain the trial Court’s finding, the judgment below is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES, and BEATTY, JJ., concur.

. Those aspects of the trial Court’s amended decree which are adverse to Appellees are not before us by way of cross appeal.

. A previous appeal of this cause by Plaintiff was dismissed for failure to comply with ARCP 54(b). See Davidson v. Davidson, 369 So.2d 553 (Ala.1979).