Clinton D. Swan appeals from a summary judgment entered in favor of the defendants Joe Ed and Inge Wurbs Magnusson. We reverse.
In 1968, the minor daughter of Swan died as a result of internal injuries she received in an automobile accident involving an automobile operated by Joe Ed Magnusson. Swan brought suit against Magnusson in the Circuit Court of Jefferson County. The trial of that action resulted in entry of judgment awarding him the sum of $50,000 as damages.
On appeal, that judgment was affirmed. Magnusson v. Swan,291 Ala. 151, 279 So.2d 422 (1973). Subsequently, a certificate of judgment was recorded in the office of the Probate Judge of Madison County. At the time of entry of judgment, Joe Ed Magnusson and wife Inge Wurbs Magnusson were joint owners, with rights of survivorship, of a home in the Kirkwood Heights area of Huntsville.
For several years Swan was unsuccessful in his efforts to collect the judgment. On 3 July 1979, by means of statutory proceedings provided for under the provisions of Code 1975, §6-6-200, et seq., Magnusson was required to disclose his assets, and in so doing, it came to light that, on 31 March 1978, Joe Ed Magnusson, and wife Inge Wurbs Magnusson, had sold their Kirkwood Heights home to Michael A. Kalange, Jr. and Connie B. Brooks. The proceeds of the sale were used to purchase other real estate in Madison County. Mrs. Magnusson took title to the latter property in fee simple. Swan contends the purpose of such arrangement was to thwart creditors of Joe Ed Magnusson from subjecting the newly acquired property to execution, levy and sale in satisfaction of debts, including that evidenced by his recorded judgment.
The conveyance of the Kirkwood Heights property to Kalange and Brooks effectively destroyed the joint ownership with rights of survivorship title of the Magnussons. Furthermore, utilization of the proceeds from the sale of that property to acquire other real property with fee-simple title conveyed to Mrs. Magnusson, if done in order to fraudulently defeat Swan's collection of his judgment debt would impose upon the newly acquired property a resulting trust in his favor that may be enforced by prosecution of this action, followed by execution, levy, and sale of that property and application of the proceeds therefrom toward satisfaction of his judgment. The fraudulent grantee occupies the position of trustee and is liable to account as a trustee for such creditors. American Nat. Bank Trust Co. v. Powell, 235 Ala. 236, 178 So. 21 (1937).
On 7 July 1980, Swan filed this action, asserting that the conveyance of the Kirkwood Heights property, and the subsequent use of the proceeds from that sale to purchase property only in the name of Inge Wurbs Magnusson, were fraudulent. In response, the Magnussons filed a motion to dismiss. Approximately seven weeks later, they filed a motion for summary judgment based upon the one-year statute of limitations applicable to actions based upon fraud, subject to the discovery exception found in Code 1975, § 6-2-3.
On 29 October 1980, the trial court granted the motion for summary judgment conditionally: *Page 846 
Swan was allowed thirty days within which to amend his complaint. Swan did amend, whereupon, the Magnussons filed a second motion for summary judgment which stated, in pertinent part, "that there is no genuine issue of material fact and the defendants are entitled to a judgment as a matter of law." The motion went on to say that such motion is based upon "the law as set forth in the accompanying brief." The record, however, does not contain any accompanying brief. The trial court entered summary judgment in behalf of the Magnussons on 2 June 1981. At that time Swan filed a motion to alter, amend, or vacate the judgment. That motion was overruled.
The threshold issue is whether Swan commenced his action within the time limitations of the applicable statute of limitations. To answer this question requires consideration of which statute of limitations is, indeed, applicable to actions of the type here involved. We are dealing with a judgment creditor's action to subject to levy and execution the property of a debtor who is alleged to have fraudulently conveyed such property in order to hinder delay, impede or thwart the creditor's efforts to collect a debt. In this particular case, a conveyance was made by man and wife, of property owned by them as joint tenants with rights of survivorship, to a third party; the proceeds therefrom being used to purchase other property solely in the name of the wife.
Swan contends the trial court erred when it interpreted his action as one based upon fraud, as opposed to the statutory proceedings affording remedies to creditors as set out in Code 1975, § 8-9-6. Under Code 1975, § 6-2-39, the statute of limitations applicable to actions based upon fraud is one year, subject to the exception found in § 6-2-3: one year from discovery or constructive discovery based upon circumstances or the exercise of diligence. The authorities hold that actions brought under Code 1975, § 8-9-6, are governed by the ten-year statute of limitations prescribed by Code 1975, § 6-2-33.Washington v. Norwood, 128 Ala. 383, 30 So. 405 (1901); VanIngin v. Duffin, 158 Ala. 318, 48 So. 507 (1909).
In determining which statute of limitations should apply, an examination of Swan's complaint readily discloses that § 6-2-33
applies. Allegations found in that complaint include those stating that the conveyance of the Kirkwood Heights property was fraudulent and made "with the intent to hinder, delay or defraud creditors, purchasers or other persons of their lawful suits, damages, forfeitures, debts, or demands, and [is subject] to § 8-9-6 Code of Alabama, 1975."
In a recent decision this court addressed, at some length, the nature of these actions and the burden of proof required of the plaintiff in them. See J.C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981). The allegations of Swan's complaint, taken alone, clearly show his claim is based upon Code 1975, §8-9-6. The ten-year statute of limitations applicable to actions for the recovery of lands applies as well to an action brought by a judgment creditor, involving a fraudulent conveyance of property by a debtor, to subject property to his creditor's rights. Donaldson v. Williams, 284 Ala. 140,222 So.2d 725 (1969).
Everything the motion for summary judgment was submitted upon shows there are genuine issues of material fact yet to be resolved. Summary judgment was an inappropriate method of disposition of this action.
For the reasons stated, the judgment below is reversed and this action remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 847