TORBERT, Chief Justice.
This case involves an alleged fraudulent conveyance. On April 3,1984, Pinto Credit Union (“Pinto”) obtained a default judgment against James Williams resulting from his failure to repay a loan to Pinto. Some time prior to that, Williams had obtained an interest in a parcel of land from Willie Mae Brown.[1] On May 24, 1984, Williams quitclaimed all his interest in the land back to Brown. In April 1985, Pinto discovered that Williams had, or had had, an interest in the lot. Pinto requested execution, and the lot was sold at a sheriff’s sale in July 1985.
In September 1985, Brown sued Pinto, seeking a declaration that she was the sole owner of the lot and had clear title. Pinto counterclaimed, alleging that the quitclaim deed operated as a fraudulent conveyance, and filed a third-party complaint against Williams. Brown’s motion to dismiss the counterclaim was granted; Pinto then amended its answer. Brown’s motion for summary judgment was granted. The dismissal of Pinto’s counterclaim and the summary judgment in favor of Brown were certified as final pursuant to Rule 54(b), Ala.R.Civ.P., and Pinto appeals from those final judgments.
Pinto contends that its counterclaim was erroneously dismissed and that summary judgment was improperly granted against it because the court applied the wrong statute of limitations. We agree.
The correct statute of limitations to be applied in fraudulent conveyance cases involving real property is found in Code 1975, § 6-2-33. As we stated in Swan v. Magnusson, 418 So.2d 844, 846 (Ala.1982), “The ten-year statute of limitations applicable to actions for the recovery of land applies as well to an action brought by a judgment creditor, to subject property to his creditor’s rights. Donaldson v. Williams, 284 Ala. 140, 222 So.2d 725 (1969).”
Because the ten-year limitations period is applicable, Pinto’s counterclaim and answer were unaffected by the statute of limitations. The trial court erred in dismissing the counterclaim, and in granting summary judgment in Brown’s favor on her complaint.
The dismissal of Pinto’s counterclaim and the summary judgment in favor of Brown *140 are both reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.

. Willie Mae Brown is also on occasion referred to in the record as “Willie Mae Brown Williams.” She is apparently not related to James Williams, however, nor has she ever married him.