BEATTY, Retired Justice.
Cotton Energy Corporation appeals from the damages aspect of a judgment in its favor. Our supreme court has transferred this case to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
In March 1984 Cotton Energy sued numerous defendants, including Albert Smith, Jr., and Charles Ray Smith. The complaint alleged that the defendants owed Cotton Energy money due on an open account. In May 1985 the court entered a judgment against the defendants, including Albert Smith, Jr., and Charles Ray Smith, and in favor of Cotton Energy in the amount of $171,430.
In January 1985, while that ease was pending, Albert Smith, Jr. executed deeds transferring all of his interest in certain real property to his wife, Doris Jean Smith. Thereafter, Doris Jean Smith mortgaged certain portions of this property to Traders and Farmers Bank of Haleyville, Alabama (“the Bank”), in order to obtain new loans.
In November 1993, Cotton Energy sued Doris Jean Smith; the estate of Albert Smith, Jr., deceased; Charles Ray Smith, as executor of the estate of Albert Smith, Jr., deceased (hereinafter collectively referred to as “the Smiths”); and the Bank. The complaint sought to have the January 1985 transfers from Albert Smith, Jr., to Doris Jean Smith set aside, alleging that they were without valuable consideration, violated the Alabama Uniform Fraudulent Transfer Act (Ala. Code 1975, §§ 8-9A-1 through -12), and essentially resulted in Albert Smith, Jr.’s becoming insolvent.
The Smiths and the Bank answered, denying the allegations of the complaint. In December 1994, Cotton Energy petitioned for a temporary restraining order and a preliminary injunction. Cotton Energy alleged it had learned that the proceeds of a Woodmen of the World life insurance policy, issued on the life of Albert Smith, Jr., had been paid and converted to a “beneficiary certificate” with an approximate value of $320,000. Cotton Energy requested that the trial court enjoin the Smiths from dissipating, changing, transferring, encumbering, or otherwise making unavailable for attachment the funds represented by the “beneficiary certificate.” The trial court issued an order, complying with Cotton Energy’s request.
Thereafter, the Bank moved for a summary judgment on all claims alleged against the Bank. The trial court granted the Bank’s motion, entered a summary judgment in favor of the Bank, and certified the judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. Cotton Energy appealed to our supreme court, which affirmed, without opinion. See Cotton Energy Corp. v. Traders & Farmers Bank of Haleyville, (No. 1950572) 680 So.2d 1034 (Ala.1996) (table).
After a trial on the remaining issues, the court, on January 8, 1997, issued an order holding the following: (1) The Bank has a superior claim to the property covered by the mortgages. (2) Cotton Energy has a “better claim” than the Smiths to certain real property, described in plaintiffs exhibit 8, and that the Smiths are enjoined and restrained from transferring, disposing of, or encumbering that real property. (3) The Smiths
“are enjoined and restrained from dissipating, transferring, encumbering, or otherwise causing the proceeds of the Woodmen of the World life insurance policy on the life of Albert J. Smith, Jr., or the beneficiary certificate in connection therewith or any other form in which the proceeds are held from being unavailable for later attachment or levy of execution by [Cotton Energy],
“4. Other than the above-establishing of priority of claims, [Cotton Energy] shall not have and recover of defendant Doris Jean Smith, also known as Doris J. Smith, and she is discharged herein.
“5. For the benefit of everyone, this court notes that [Cotton Energy’s] exhibits 10 through 15 show the names of people and entities who have not been made parties to this action, and this court cannot rule on any claims those people and entities may have in the real property which is the subject of this action.
*1144 “6. In view of paragraph numbered 5. above, this court declines to order an attachment and sale and to order execution levy, all on the real property above-described, and specifically reserves said claims; this court notes that announcement of the above deficiencies at any sale would result in no bids and, therefore, the sale would be a useless act; this court suggests that [Cotton Energy] is in the same position as any junior lien-holder and that any decision on priority of claims cannot be made at this time, other than that made above.”
The trial court entered an order purporting to certify this January 8,1997, order as final, pursuant to Rule 54(b), Ala. R. Civ. P.
Cotton Energy filed a post-judgment motion, which was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Cotton Energy appealed, but this court dismissed the appeal as “not from a final judgment.”
Thereafter, the trial court issued another order, amending paragraph 6 of its January 8,1997, order to read as follows:
“6. In view of paragraph numbered 5. above, this court refuses to order an attachment and sale and to order execution and levy all on the real property above-described, and specifically denies said claims.”
Cotton Energy appeals, contending that the trial court erred in failing to enter a money judgment against Doris Jean Smith, the grantee in the fraudulent transfer, and in denying Cotton Energy’s claims for attachment and sale. The Smiths did not favor this court vrith a brief.
When the trial court determined that Cotton Energy’s claims to the property were superior to the Smiths’ claims to the property, the trial court was, in essence, finding that the transfers from Albert Smith, Jr., to Doris Jean Smith were fraudulent transfers. However, the trial court afforded Cotton Energy no relief whatever and, in fact, “discharged” the fraudulent grantee from the case.
In First Nat’l Bank of Birmingham v. Love, 232 Ala. 327, 332, 167 So. 703, 706 (1936), our supreme court stated,
“It is well settled that the grantee in a fraudulent conveyance holds the property in trust, a constructive trust recognized and enforced in equity, on behalf of existing creditors of the grantor; that he disposes of same at his peril, and is personally liable for the value thereof.”
In Swan v. Magnusson, 418 So.2d 844, 845 (Ala.1982), our supreme court said that a “fraudulent grantee occupies the position of trustee and is liable to account as a trustee for ... creditors.” In Yates v. Guest, 416 So.2d 973, 977 (Ala.1982), our supreme court stated, “[A] court of equity has the authority to order an accounting from a fraudulent grantee.” In Swan and Yates, our supreme court relied upon the following statements from American Nat’l Bank & Trust Co. v. Powell, 235 Ala. 236, 246, 178 So. 21, 29-30 (1937):
“Of course, so long as the property remains in the possession of the fraudulent grantee, she, it would seem, is not subject to a personal judgment, in a court of equity, in favor of the creditors of the grantor. The proper course is for such creditors to pursue the property and fasten their lien thereon. But the fraudulent grantee occupies the position of trustee and is liable to account therefor as a trustee for such creditors. The trust is imposed by law, and is imposed on the donee in invitum.
“If the grantee, law imposed trustee, has disposed on the property, a court of equity will require her to account therefor, and, to the extent necessary to satisfy the pursuing creditor’s claim, such grantee will be held liable for the full value of the property recovered by him, regardless of what he may have paid for it.
“And it seems to be the general rule that the fraudulent grantee, if he has sold the property, must account for its fair and reasonable value at the time and place he received it, with interest. Of course, for the ascertained value of the property a personal decree may be entered against such grantee, at least to the extent necessary to satisfy the pursuing creditors’ claims.
*1145 “If the fraudulent grantee has disposed of the property, or any part of it, she may be forced to account for the reasonable value thereof at the time and place she received it, and a personal judgment may be rendered against her therefor, the same as if she were not the wife of the grantor.”
(Citations omitted.)
In the present case, the fraudulent grantee did not dispose of the transferred property by selling it, but instead mortgaged certain portions of it to the Bank in order to obtain new loans. As previously noted, the Bank has a superior claim to the property covered by the mortgages.
It is a logical extension of our supreme court’s holding in American Nat’l Bank & Trust Co., 235 Ala. 236, 178 So. 21, to require a fraudulent grantee, as the trustee of the property, to preserve the property intact and to account for any proceeds received from or through the property during the time the fraudulent grantee held the property.
Consequently, we conclude that the trial court committed reversible error when it discharged Doris Jean Smith, the fraudulent grantee, from this ease, without requiring her, as the fraudulent grantee and trustee for the property, to account for any proceeds (rents, income, profits, etc.) received from or through the property during the time she held it.
Cotton Energy also contends that the trial court committed reversible error when it denied Cotton Energy’s claims for attachment and sale. Our supreme court stated the following in Freeman v. Stuart, 119 Ala. 158,163-64, 24 So. 31, 33 (1898):
“The complainant as a judgment creditor of Oldacre had a right on the facts averred in the bill to sell the real estate in controversy under an execution issued on his judgment, and running, of course, against Oldacre alone, without any notice to or taking any account of the mortgagees, and the purchaser at such sale would have taken only Oldacre’s interest in the property. The rights and interests of the prior encumbrancers would not have been at all affected by such sale, but the purchaser taking the shoes of Oldacre would have held as he did subject to the superior rights of the mortgagees. Oldacre’s fraudulent conveyance of his interest in the property to Mrs. Freeman neither enlarged nor limited complainant’s rights in the premises, nor in anywise clogged or complicated his remedies for their enforcement. He still had a perfect right to subject Oldacre’s interest to the payment of his debt, and this without instituting any contest with the mortgagees.... ”
Consequently, we conclude that the trial court also committed reversible error when it denied Cotton Energy’s claims for attachment and sale of the property on the basis of other potential claims to the property.
In light of the foregoing, the trial court’s rulings which “discharged” Doris Jean Smith from the case and which “refuse[d] to order an attachment and sale and to order execution and levy ... on the real property” is reversed, and the cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.